45289. KRAMER v. JOHNSON et al.

ARGUED APRIL 14, 1970—DECIDED MAY 29, 1970.

*Carlisle & Chason, Willard H. Chason,* for appellant.

*Charles F. Johnson, Frank L. Forrester,* for appellees.

HALL, Presiding Judge. 1. Plaintiff contends that Palmer's affidavit should have been stricken as it deals with transactions concerning a deceased person, contrary to *Code* § 38-1603 (1). This is a valid objection to the admission of this evidence. However, the trial judge has certified that he did not consider the affidavit in ruling upon plaintiff's motion.

2. Plaintiff contends that as a matter of law defendants are personally liable on the note and that it is error to admit any evidence varying its terms. She cites cases dealing with undisclosed principals and also *Code Ann.* § 109A-3—403: "(2) An authorized representative who signs his own name to an instrument (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity."

However, we believe the signatures here fall squarely into subsection 2 (b) of the statute: "(2) An authorized representative who signs his own name to an instrument. . . (b) *except as otherwise established between the immediate parties,* is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, *or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."* (Emphasis supplied).

The Comment to Section 3-403 of the 1962 Official Text of the UCC (from which *Code Ann.* § 109A-3—403 is adopted in its entirety) states that subsection 2 (b) "admits parol evidence in litigation between the immediate parties to prove signature by the agent in his representative capacity."

The Comment further states that the subsection, as applied to a signature like the one here, is an adoption of the common-law minority rule of Megowan v. Peterson, 173 N. Y. 1.

While former Georgia law was contrary to this rule (see former *Code* § 14-220), the section was specifically repealed by the adoption of the Uniform Commercial Code in 1962. The legislature had the benefit of the drafter's interpretations when it enacted the Code and we cannot say that it intended something else.

"Plaintiff may not move for judgment on the pleadings where the answer raises issues of fact which if proved would defeat recovery." 2A Moore's Federal Practice (2d Ed.) 2345, § 12.15. Defendants' answer has raised the issue of signature in a representative capacity. The trial court did not err in denying plaintiff's motion.

*Judgment affirmed. Deen and Evans, JJ., concur.*