28322. WEBB v. BOARD OF COMMISSIONERS OF COLQUITT COUNTY.

UNDERCOFLER, Justice. The Tax Commissioner of Colquitt County appeals an order requiring him to turn over to the Board of County Commissioners a portion of delinquent taxes collected during 1972 and retained by him as commissions under Ga. L. 1965, p. 626 (Code Ann. § 92-5304). That statute provides that, "On all taxes collected in excess of 90% of the total of taxes due, according to the tax net digest, the tax collector's or tax commissioner's commission shall be for such taxes 10% of all such collections. . . . In those counties where the tax collector or tax commissioner is paid on a salary basis, and said salary is $8,000.00 or more per annum, the tax collector or tax commissioner shall not be entitled to the commissions provided for herein unless the local act placing the tax collector or tax commissioner on a salary, or an amendment of such act, shall specifically provide that the tax collector or tax commissioner shall receive such commissions. . ."

By Ga. L. 1956, p. 2403, the Tax Commissioner of Colquitt County was paid a salary of $6,600 per annum. By Ga. L. 1970, p. 2485, the salary was fixed at not less than $9,000 nor more than $15,000 effective January 1, 1973. By Ga. L. 1971, p. 4129, the salary was fixed at not less than $10,000 nor more than $15,000 effective January 1, 1972. Appellant claims commissions of 10% on certain delinquent taxes for the years 1957 through 1971 which were collected during 1972. *Held:*

1. The appellant has no vested right in commissions on taxes.

*Clements v. Peerless Woolen Mills,* 197 Ga. 296 (1) (29 SE2d 175). Whether he is entitled to commissions is determined at the time the tax is collected. Therefore appellant is not entitled to commissions under Code Ann. § 92-5304 on taxes collected during the year 1972 when his salary was not less than $10,000. *Scruggs v. Dorminey,* 129 Ga. App. 453, cert. den.

2. Ga. L. 1971, p. 4129, amended Ga. L. 1956, p. 2403, as that Act had previously been amended. Under its provisions appellant's salary of not less than $10,000 became effective on January 1, 1972. In our opinion appellant's argument concerning the "repeal of a repeal" has no application here. The 1956 Act established the office of Colquitt County Tax Commissioner. The Act of 1971 amended the provision relating to his compensation.

3. Ga. L. 1971, p. 4129, establishing appellant's salary beginning January 1, 1972, is not a special law in conflict with the general law of 1965 (Code Ann. § 92-5304) as prohibited by the Georgia Constitution (Code Ann. § 2-401). The 1965 general Act merely prescribes when its provisions shall not apply, namely, when the tax commissioner's salary is $8,000 or more per annum. The 1971 special Act fixed the Colquitt County Tax Commissioner's salary. We see no conflict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 10, 1973 — DECIDED NOVEMBER 8, 1973.

*Short & Fowler, Jack Short,* for appellant.
*Moore & Chambliss, C. Saxby Chambliss,* for appellee.

