## 54183. LOWRY v. LOMIRE et al.

SHULMAN, Judge.

Plaintiffs (appellees herein) brought suit against defendant (appellant herein) and another, makers of a promissory note. Defendant answered the suit with two specific defenses, neither of which had any merit, and a general denial. That answer was never amended to clarify the basis for the general denial of indebtedness. After considerable discovery and motion procedure (defendant successfully opposed motions for judgment on the pleadings and summary judgment) the case came on for trial. After presentation of their case, plaintiffs moved for a directed verdict. The trial judge granted the motion, ruling that appellant had pleaded no issuable defense and would not be permitted to submit evidence. This appeal enumerates as error the granting of a directed verdict at the close of appellees'/plaintiffs' evidence and the refusal to allow evidence for appellant/defendant. We reverse.

1. It is apparent from the record that this case was tried before a judge without a jury. Implicit in the concept of a directed verdict is the existence of a jury whose verdict can be directed. "In a non-jury case, it is procedurally incorrect to move for a directed verdict; . . ." *Kennery v. Mosteller,* 133 Ga. App. 879, 880 (212 SE2d 447). (Defendant's motion for directed verdict treated as motion for involuntary dismissal). There could not, therefore, have been a directed verdict here. Even had there been a jury, it would have been error to grant the plaintiffs a directed verdict at the close of their own evidence. *Kay Enterprises, Inc. v. Shawmac, Inc.,* 124 Ga. App. 225 (183 SE2d 503).

2. Appellees assert that, regardless of the name given the judgment, they were entitled to a judgment on the basis of *Freezamatic Corp. v. Brigadier Industries Corp.,* 125 Ga. App. 767 (189 SE2d 108), which held that "Under the statutory and case law cited above and the facts existing here, the defendants were required to plead and establish an affirmative defense to the notes admittedly executed. This they failed to do, and the plaintiff was entitled to a judgment on the pleadings at this stage." Id. p. 768. That case is not controlling here for

at least two reasons. First, this case does not come to us from a judgment on the pleadings. The appellees presented evidence which was considered by the court and set out in the findings of fact in the judgment. Second, *Freezamatic* and the cases following it involved situations in which no viable defenses were raised. That is not the situation here. In his answer, appellant denied the paragraph of the complaint in which it was alleged that he borrowed money by executing the note the suit was based on. Although he later admitted signing the note, he steadfastly denied borrowing the money, alleging that he signed the note in a representative capacity as president of the corporation which was the real borrower.

There is no allegation here that appellees are holders in due course. Code Ann. § 109A-3—306 (b) provides that a holder, as distinguished from a holder in due course, is subject to all defenses of any party which would be available in an action on a simple contract. An agent who signs a note or contract as a representative of a disclosed principal is not personally liable on the instrument. *Candler v. Clover Realty Co.*, 125 Ga. App. 278 (187 SE2d 318). Appellant's defense, that he signed the note in a representative capacity only, would be available to him in this action.

Appellees argue that appellant was properly denied an opportunity to assert his defense because he did not specifically and affirmatively set it out in formal pleadings, i.e., his answer. That answer, construed to do substantial justice (Code Ann. § 81A-108 (f)), constitutes a denial that he borrowed the money. In response to discovery efforts of appellees, appellant consistently alleged that the money was loaned to the corporation and that the note was signed in a representative capacity only. A motion for judgment on the pleadings, converted to a summary judgment proceeding by the court's consideration of an affidavit of appellant alleging his representative capacity, see Code Ann. § 81A-112 (c), was denied because a question of fact existed as to the capacity in which appellant signed the note. While it would have been better practice for appellant to have set out his defense in his original answer or to have availed himself of the liberal amendment provisions of our Civil Practice

Act, we will not accept appellees' self-righteous condemnation of appellant for abusing the liberality of the CPA by not being specific in formal pleadings when they are seeking a narrow construction of the rules of pleading in order to foreclose appellant's attempt to defend against their suit. This is especially so in light of the fact that they were well aware, from discovery initiated by them, of the defense depended on by appellant and the factual basis thereof.

In short, appellant had an arguably viable defense of which appellees were aware and which he should have been permitted to attempt to establish. This holding is in accord with Code Ann. § 109A-3—307(2): "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." The trial court's action in refusing appellant an opportunity to present his defense after appellees had put on their case was error.

3. Lowry was not permitted to produce evidence to support his contention that he signed the note in a representative capacity. The word, "President," appears after his signature on the note, but the name of the corporation he purported to represent is not on the note. Under these circumstances, Code Ann. § 109A-3—403 (2) (b) authorizes parol evidence to establish the understanding of the immediate parties as to the capacity in which the instrument was signed. *Kramer v. Johnson,* 121 Ga. App. 848 (176 SE2d 108). It was, therefore, error to deny Lowry the opportunity to establish his representative capacity.

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

ARGUED JULY 11, 1977 — DECIDED OCTOBER 12, 1977.

*Arthur P. Tranakos,* for appellant.
*Robert L. McHaney, Jr., Eugene A. Medori, Jr., Scott A. Ray,* for appellees.