## 56207. LONG COUNTY v. NOBLES.

SHULMAN, Judge.

Appellee, formerly tax collector and now Tax Commissioner of Long County, brought this suit to recover commissions he alleges are due him from taxes for 1976 which were collected in 1977. Ga. L. 1975, p. 4025, effective January 1, 1977, abolished the system by which the Tax Collector of Long County was compensated by commissions on the taxes collected. That Act changed the title of the office to tax commissioner and established a salary for the commissioner. The parties to this action stipulated that appellee's salary was paid monthly in 1977.

Because of delays in reassessing property in the county, the 1976 tax bills were not sent until late December, 1976, and tax payments were not due until

February, 1977. The appellee claims he is entitled to commissions on 1976 taxes collected in 1977. The superior court agreed and gave appellee a judgment for the claimed commissions and certain other items of alleged damages. This appeal is from the judgment for appellee.

1. Appellee's claim for commissions is controlled adversely to him by *Hale v. Davison,* 231 Ga. 505, 506 (202 SE2d 411): "Appellee has no vested right in commissions on taxes. Whether [he] is entitled to commissions is determined at the time the tax is collected." There is no question that the taxes involved here were collected in 1977. At that time, there was no provision for commissions on taxes. Therefore, appellee is not entitled to the commissions claimed in his complaint.

The trial court, in its order granting judgment to appellee, attempted to distinguish *Hale* by finding that commissions were the only means of compensating appellee for the performance of his duties as tax collector (as distinguished from tax commissioner). The court then held that when a person is compensated solely by commissions, he does have a vested right in the commissions.

There is nothing in the Supreme Court's opinion in *Hale* to indicate that the tax collector there was compensated other than by commissions. In fact, it appears from the language of that opinion that the contrary is true. *Hale* is not distinguishable from the present case and controls its outcome. The judgment awarding appellee commissions on 1976 taxes collected in 1977 was erroneous.

2. The order granting judgment to appellee included certain awards to appellee which were not demanded in the pleadings. Appellant insists that there is no evidence to support those awards. Our review of the record supports appellant's assertion, and appellee has not pointed out any evidence to support the awards. See Rule 18 (c) (3) iv of the rules of this court (Code Ann. § 24-3618 (c) (3) iv). See also *Coastal Timberlands, Inc. v. Brown,* 141 Ga. App. 800 (234 SE2d 373). Therefore, we reverse the award to appellee of the additional items mentioned in the court's order.

3. One of appellant's enumerations of error contends

that the trial court erred in denying appellant's motion for a directed verdict. The trial here having been before a judge sitting alone, a motion for directed verdict was procedurally incorrect. *Lowry v. Lomire,* 143 Ga. App. 479 (238 SE2d 594). However, such a motion should be treated as a motion for involuntary dismissal (*Kennery v. Mosteller,* 133 Ga. App. 879 (212 SE2d 447)), and we shall do so.

The claim for commissions must fail on legal grounds (*Hale v. Davison,* supra), and there was no evidence to support any award to appellee. Therefore, appellee showed the trial court no grounds for relief and his complaint should have been dismissed. Code Ann. § 81A-141 (b). The trial court is therefore directed that, upon remand, it enter an order dismissing appellee's complaint.

*Judgment reversed with direction. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JUNE 27, 1978 — DECIDED SEPTEMBER 28, 1978 — REHEARING DENIED OCTOBER 30, 1978 —

*A. G. Wells, Jr.,* for appellant.
*Richard D. Phillips,* for appellee.