## 34461. NOBLES v. LONG COUNTY.

JORDAN, Justice.

We granted certiorari to review the holding of the Court of Appeals that the Tax Collector of Long County was not entitled to commissions on 1976 taxes collected by him in 1977. *Long County v. Nobles,* 147 Ga. App. 768 (250 SE2d 512) (1978).

The petitioner was the tax collector for Long County for several years. During this time, his compensation was based on a percentage of the taxes collected for each year. Ga. L. 1975, p. 4025, effective January 1, 1977, abolished the system by which the tax collector of Long County was compensated by commissions on the taxes collected and placed him on a salary basis.

In 1976 the property values in Long County were reassessed, resulting in numerous appeals to the Board of Equalization and the Superior Court. For that reason the tax digest was not approved until December, 1976, and the petitioner was unable to send out tax notices until that time. Therefore, a substantial portion of the 1976 taxes was not due and received until 1977; and Long County refused to pay to the appellant his commission on taxes collected in 1977. The trial court ruled for the tax collector and the Court of Appeals reversed.

The Court of Appeals cited *Hale v. Davison,* 231 Ga. 505 (202 SE2d 411) (1973) in support of its decision that the petitioner is not entitled to the commissions claimed in his complaint. However, the *Hale* case involved an attempt to recover commissions on *past due* taxes, whereas in the instant case the taxes were currently due. Further, in the present case the appellant was still charged with the responsibility for all taxes assessed during the year 1976 and was not relieved of this responsibility until May 17, 1977. Through no delay or fault on the part of the petitioner, the tax digest was not approved in time for all taxpayers to make timely payments during 1976. To deny petitioner his commissions on 1976 taxes timely paid, even though this time extended into 1977, would deprive him of compensation for his work during 1976. Accordingly, we hold that the petitioner is entitled to receive commissions on 1976 taxes timely received until May 17, 1977.

This case is distinguishable on its facts from *Hale,* supra, and *Webb v. Board of Commrs. of Colquitt County,* 231 Ga. 365 (201 SE2d 462) (1965).

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 2, 1979 — DECIDED
APRIL 5, 1979.

*Richard D. Phillips,* for appellant.
*A. G. Wells, Jr., A. Rahn, III,* for appellee.