63594. SMITH'S TRANSFER CORPORATION v. ALTERMAN FOODS, INC.

BIRDSONG, Judge.

Conversion. Alterman Foods, a grocery wholesaler and chain store owner, purchased a truckload of coffee (30,000 pounds of assorted coffee) from General Foods in Jacksonville. Smith's Transfer Corporation dispatched a tractor and trailer to Jacksonville to bring the coffee to Atlanta. On the same trailer was an additional amount of coffee for a customer in Columbus, Georgia. The trailer was driven to Smith's warehouse in Ellenwood, Georgia, where the shipment for Columbus was removed from the trailer for further transhipment. No discrepancy was noted in the quantity off-loaded for Columbus. The trailer with the remaining coffee was then driven to Alterman's warehouse. There the remaining coffee was off-loaded. The driver, in accordance with instructions from Alterman's warehouseman, loaded pallets which, according to the driver's count,

contained 1,744 bales of coffee. When the warehouseman indicated some question as to the count, the driver rechecked his figures and again computed the count to be 1,744 bales. The warehouseman made his own check and signed for the shipment indicating that he too was satisfied with the count. Apparently a 175-bale shortage was detected in the shipment to Columbus. A recheck of the number of bales, notated on the shipping documents as having been delivered by the driver to Alterman showed a count of 1,919 or 175 more bales delivered to Alterman than reflected by the driver's mental calculation of 1,744. A subsequent preliminary count by Alterman and Smith of coffee still located in Alterman's warehouse two weeks after the delivery reflected 1,066 bales still present. A computer printout seemed to reflect that considering the amount of coffee removed from Alterman's storage and that still remaining two weeks later, the actual count of bales of coffee delivered should have shown an initial amount of 1,916 bales. However, Alterman conducted a formal inventory and reported to Smith that the additional coffee was not present nor did Alterman have any evidence that an incorrect count had occurred. Smith brought the present suit seeking the return of the coffee or payment therefor amounting to over $5,000. In a bench trial, the trial court returned a finding for Alterman. Smith brings this appeal enumerating as error the grant of a directed verdict and the exclusion of certain evidence. *Held:*

1. Procedurally, Alterman's motion for directed verdict was incorrect. However, the trial court properly could treat the motion as one for involuntary dismissal. *Long County v. Nobles,* 147 Ga. App. 768, 770 (250 SE2d 512), reversed on other grounds in *Nobles v. Long County,* 243 Ga. 442 (254 SE2d 829). Thus, we find no harmful error in the grant of directed verdict. At a bench trial, the trial court may adjudicate the case on the merits at the conclusion of the plaintiff's case. Because the trial court must weigh the evidence to determine the propriety of an involuntary dismissal, it follows that the "any evidence" rule will govern this court's consideration of the validity of the trial court's ruling. *Pichulik v. Air Conditioning &c. Co.,* 123 Ga. App. 195 (180 SE2d 286). See *Kennery v. Mosteller,* 133 Ga. App. 879 (212 SE2d 447). Though Smith may have established a prima facie case, we cannot disregard evidence that when the Columbus shipment was off-loaded at Ellenwood, Georgia, no erroneous count was recorded. When the bales were stacked and loaded off the trailer into Alterman's warehouse, Smith's driver twice counted 1,744 bales and no error was indicated in that count by either the delivering driver or the receiving warehouse clerk. Following an inventory of the coffee by Alterman, it was determined that no overage existed. In short, Smith may have shown an erroneous delivery but did not

foreclose that error as having possibly occurred in Jacksonville or elsewhere. There being some evidence to support the judgment, we will not reverse on this ground. See *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271).

2. In its second enumeration of error, Smith argues that the trial court erred in refusing to allow the driver to show that his count of 1,744 bales was in error because a tape of his figures entered on the shipping document showed the actual count was 1,919. Furthermore, Smith complains that evidence that a 175-bale shortage occurred at the Columbus store was improperly excluded. We find no error in either of these rulings. The trial court allowed the driver to testify that he made a mental miscalculation in adding up his figures and that apparently the correct summation should have been 1,919. The trial court excluded only evidence from the driver that a tape prepared by someone whose identity he did not know showed a final figure of 1,919. The tape itself was not properly authenticated and coming from the driver properly was excluded as hearsay. Likewise, the testimony that a 175-bale shortage actually occurred at the Columbus store was hearsay as to the driver. Evidence was allowed to show as an occurrence that a shortage of 175 bales existed in Columbus but the driver was precluded from testifying that when the shipment arrived in Columbus, the shipment was 175 bales short. Once again as to the driver, such evidence was hearsay and properly excluded. *Longstreet v. Longstreet,* 205 Ga. 255 (4) (53 SE2d 480). Even assuming arguendo that the trial court erroneously refused the testimony, such exclusion was wholly harmless where other evidence of the same facts was introduced and admitted. See *Glass v. State,* 235 Ga. 17 (218 SE2d 776). This enumeration lacks merit.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED MAY 6, 1982.

*B. Royce Bell,* for appellant.
*James A. Gober,* for appellee.