## 64298. CHASTAIN v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was indicted for aggravated assault, three counts of aggravated assault on a peace officer, and driving under the influence of alcohol. In a trial before a judge sitting without a jury, appellant's sole defense was insanity. The trial judge, on facts stipulated by the parties, found appellant guilty on all counts.

1. In his first enumeration of error, appellant contends that the trial court erred by failing to direct a verdict of not guilty by reason of insanity. Pretermitting the fact that there is no verdict to be directed in a trial before a judge without a jury (see *Lowry v. Lomire,* 143 Ga. App. 479 (1) (238 SE2d 594)), and assuming that appellant is arguing that the evidence in this case demanded a verdict of acquittal as a matter of law, we find no error in the trial court's refusal to acquit appellant.

The facts to which appellant stipulated at trial were that he accosted a woman and cut her on the arm; he then fled and was

pursued by police officers. When the chase ended, appellant "pulled a knife on" three police officers, but was subdued without injuring anyone else. A blood alcohol test indicated that appellant was intoxicated. Appellant also produced documentary evidence supporting his insanity defense: a recent psychiatric evaluation and voluminous records relating to his long-standing mental health problems.

"Under the law of this state an individual's sanity is presumed. [Cits.] The presentation of evidence to the contrary does not automatically dissipate the presumption of sanity which exists by law. [Cit.] . . . Although an issue of insanity was presented to the [fact finder, he] could under our law reject the testimony of the expert witness and rely on the general presumption of sanity as well as on the testimony of the witnesses who saw him on the [occasion of the incident] and thus determine that he was not insane at the time. Considering the evidence in full we conclude a rational fact finder could . . . have found appellant guilty beyond a reasonable doubt. [Cit.]" *Moses v. State,* 245 Ga. 180 (263 SE2d 916).

2. Appellant's second enumeration of error is that his conviction cannot stand in light of what counsel characterizes as a finding "uncontradicted in the record" that appellant did not know the difference between right and wrong at the time of the offenses. Contrary to counsel's assertion, the trial court ruled at the hearing on appellant's motion for new trial, a hearing attended by appellant's present counsel, that the so-called finding was obviously either a mistake by the court reporter or a slip of the tongue by the trial judge. Appellant's motion for new trial was ruled on by the same judge who conducted the trial and found him guilty. Under those circumstances, appellant's second enumeration of error is wholly without merit.

3. The third enumeration of error is equally meritless. At.trial, appellant stipulated to a recitation of facts by the prosecuting attorney, relying solely on his defense of insanity. He now contends that the stipulation that he "pulled a knife on each one of those" police officers and that the police officers "were eventually able to subdue" him was not sufficient to authorize a conviction for aggravated assault.

"A person commits simple assault when he either (a) attempts to commit a violent injury to the person of another or (b) commits an act which places another in reasonable apprehension of immediately receiving a violent injury." Code Ann. § 26-1301. "A person commits aggravated assault when he assaults . . . with a deadly weapon . . . A person who knowingly commits aggravated assault upon a peace officer while such peace officer is engaged in or on account of the

performance of his official duties shall upon conviction be punished by imprisonment for not less than five nor more than 20 years." Code Ann. § 26-1302.

The stipulated facts set forth in the first division of this opinion are sufficient to permit the conclusion that appellant attempted to injure the police officers with a deadly weapon or that he committed an act with a deadly weapon which placed the police officers in reasonable apprehension of immediately receiving a violent injury. The stipulated facts were sufficient to convince any reasonable fact finder of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED OCTOBER 1, 1982.

*William T. Hankins III,* for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, Assistant District Attorney,* for appellee.