68674. RICHARDSON v. THE STATE.
(322 SE2d 66)

QUILLIAN, Presiding Judge.

Defendant appeals his convictions for robbery by intimidation, aggravated sodomy and three counts of kidnapping.

The evidence supporting these convictions is as follows: Three friends, college age young men, came to Atlanta from South Carolina in August 1983, two of them to see a Simon and Garfunkle concert, and the third, Pat, to visit his grandmother. They all stayed at Pat's grandmother's apartment. On the Saturday night before the concert, the three went to downtown Atlanta to see the buildings and hotels. They then went to the bus station to buy some marijuana and a man approached them who sold them some. After the sale, defendant came up, flashed a badge, identified himself as an undercover police officer and told them they were under arrest for soliciting marijuana. Defendant made the three of them walk some distance to a place where he said he would run a computer check on their records. The end of the walk was an old school yard near what was later determined to be the King Memorial subway station. Defendant demanded and obtained their wallets, and then waited for some time ostensibly for another officer to arrive. He then told Pat's two friends to go back and get their car and come back. When they had left, defendant took Pat into a warehouse, threatened him with a knife and performed anal sodomy on him. When defendant then told Pat to get on the subway and leave, he did so, got lost and finally walked back to his grandmother's apartment several hours later. His grandmother was asleep and he did not wake her. Eventually, his two friends, who had been trying to find him where they had last seen him, returned to the apartment where Pat, when asked what happened, told them he had been raped and started to cry. Pat testified that he did not report what had happened to anyone before his friends returned because he was humiliated, from out of town and afraid he would get in trouble because of the marijuana purchase. *Held*:

1. Error is enumerated because the trial court failed to instruct the jury on the purposes for which evidence of two independent crimes could be considered.

Although the court did not give such instructions in his charge to the jury, he did so instruct them immediately after evidence of each

of the two incidents was received. Defendant did not object to the instructions when given, did not request such an instruction in the charge and did not object to its omission from the charge although given the opportunity to do so. Under these circumstances the right to raise this issue on appeal was waived. *Jackson v. State*, 161 Ga. App. 650 (3) (289 SE2d 525); *Ferguson v. State*, 165 Ga. App. 283 (299 SE2d 761).

2. We find no error in permitting one of Pat's friends to testify that when they next saw Pat after leaving him with defendant, he said he had been raped. Under the circumstances, the trial court was not clearly erroneous in holding that the statement was part of the res gestae.

"In the latest pronouncement by the Supreme Court, it was held that 'a trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous.' *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71) (1982). Applying the *Andrews* standard, we are unable to say that under the circumstances which existed in the instant case, the admission of the challenged testimony as part of the *res gestae* was clearly erroneous. [Cit.]" *Samples v. State*, 169 Ga. App. 605 (4), 606 (314 SE2d 448).

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 5, 1984.

*Earl A. Davidson*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Wallace Speed, Assistant District Attorneys*, for appellee.