### 70133. AWTREY v. THE STATE.
(332 SE2d 896)

CARLEY, Judge.

Appellant was tried by a jury and found guilty but mentally ill of the offenses of kidnapping and armed robbery. Appellant appeals from the judgment entered on the verdicts.

Evidence was presented at trial to establish that appellant, who was a police officer, approached the victim, who was a prostitute. The victim, who had had sex with appellant in the past, voluntarily entered his van, and they proceeded to a parking lot. Upon their arrival, appellant placed his gun under the victim's chin and ordered her to get into the back of the van. The victim asked appellant not to hurt her and told him that she would do anything he wanted. Appellant took some money from the victim and tied her hands behind her back. He told her to lie down in the van, and she complied. When the victim begged not to be hurt and to be allowed to leave the vehicle,

appellant told her that he would let her go after they had driven down the street. As he was driving, he asked whether she was going to report his conduct to the police, and he laughed disbelievingly when she responded negatively. The victim managed to free one of her hands and grab for appellant's gun. As they struggled, appellant offered to return her money, although he did not actually do so. The victim somehow seized appellant's gun and was able to open the door and hurl herself out of the van. Appellant fled, throwing the victim's purse and umbrella from his vehicle. The victim flagged down a passing patrol car. As she was telling the police officer what had occurred, she heard the distinctive sound of appellant's automobile. The officer then pursued and apprehended appellant. During the course of the chase, appellant threw his ankle holster out of the van. The holster was subsequently recovered by the arresting officer.

While he was being transported to the police station, appellant discarded the money he had stolen from the victim by secreting it in the back of the patrol car. Although he initially denied knowledge of the money, he subsequently told police officers where he had hidden it. Appellant appeared to be in full possession of his faculties at the time of his arrest and during his questioning at the police station. He exhibited guilt or shame when he was jailed following the offense.

Two psychiatrists testified on behalf of the defense. Their testimony was that as a result of various stressful personal and professional situations, appellant was severely depressed. Their diagnoses were that he was mentally ill, and that he was not merely feigning illness. One doctor testified that, at the time appellant committed the offenses, appellant's mental state was such that he could have been incapable of knowing the difference between right and wrong. The other doctor opined that appellant did not know the difference between right and wrong at that time. However, neither doctor had read the police reports or discussed the kidnapping and robbery with the investigating officers. One of the psychiatrists testified that he would be "very suspicious" of a person's claimed inability to distinguish right from wrong if he discarded evidence prior to arrest and then attempted to hide the fruits of a crime after being apprehended. Additionally, both psychiatrists testified that appellant's extreme anxiety about the consequences of his criminal acts, particularly the possibility of incarceration, was a major factor in appellant's severely depressed mental state.

Several character witnesses testified that appellant would not have committed the offenses if he had been himself at the time, and that he had exhibited abnormal behavior, including a suicide attempt, for some time prior to the incident. Appellant himself testified that he had been very depressed and anxious for a long time, that he had had hallucinations, and that his mind sometimes went blank. How-

ever, he admitted that he had not sought psychiatric treatment prior to his arrest. He stated that he did not know why or exactly how he had come to accost the victim, that he remembered very little about the episode, and that he had not known what was happening when he was stopped by the police. He also swore that he did not know the difference between right and wrong at the time he committed the crimes.

1. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal on both counts. He contends that he should have been found not guilty by reason of insanity, rather than guilty but mentally ill.

OCGA § 16-3-2 provides that a person shall not be found guilty of a crime if, at the time he commits the offense, he does not have the mental capacity to distinguish between right and wrong in relation to it. However, "a defendant's sanity is presumed; a defendant has the burden of proving insanity by a preponderance of the evidence; the presentation by a defendant of evidence contrary to the presumption of sanity does not, as a matter of law, dissipate it; jurors are permitted to reject the testimony of lay or expert witnesses as to the sanity of the accused, and to rely upon the presumption of sanity. [Cits.]" *Kirk v. State*, 252 Ga. 133 (311 SE2d 821) (1984).

In the instant case, there was more than the bare presumption of sanity underlying the jury's finding. There was evidence that appellant inquired whether his conduct would be reported to the police, that he offered to return the victim's money, and that he attempted to discard evidence and to hide the stolen money. The evidence was sufficient to support the jury's finding beyond a reasonable doubt that, at the time appellant committed the crimes, he was able to distinguish between right and wrong in relation thereto. See *Murray v. State*, 253 Ga. 90, 91 (1) (317 SE2d 193) (1984); *Jackson v. State*, 149 Ga. App. 253, 255 (253 SE2d 874) (1979); *Chastain v. State*, 163 Ga. App. 678 (1) (296 SE2d 69) (1982). The verdict of guilty but mentally ill was authorized. OCGA § 17-7-131 (c). See generally *Kirkland v. State*, 166 Ga. App. 478 (304 SE2d 561) (1983).

2. Contending that all of the elements of the crime were not proved, appellant enumerates as error the denial of his motion for directed verdict on the kidnapping charge.

The elements of the offense of kidnapping are 1) abducting or stealing away any person without lawful authority or warrant, and 2) holding such person against his will. OCGA § 16-5-40. "Although the victim got in appellant's [automobile] voluntarily, once he refused to let her out of the [automobile] and held her against her will, a kidnapping occurred. [Cit.]" *Helton v. State*, 166 Ga. App. 662, 663 (305 SE2d 592) (1983). The evidence in the instant case was sufficient for a rational trior of fact to find beyond a reasonable doubt that appellant

committed the crime of kidnapping. *Furlow v. State*, 172 Ga. App. 185, 186 (1) (322 SE2d 317) (1984); *Peavy v. State*, 159 Ga. App. 280, 282 (1 (b)) (283 SE2d 346) (1981).

3. Appellant enumerates as error the trial court's failure to charge the jury on false imprisonment as a lesser included offense of kidnapping.

Appellant apparently contends that the jury could have found from the evidence that there was no asportation of the victim, asportation being an essential element of kidnapping (OCGA § 16-5-40 (a)), but not of false imprisonment (OCGA § 16-5-41 (a)). In support of this contention, appellant refers to evidence that, when the victim asked to be freed, appellant told her that he would let her get out of the van after they had driven down the street. We first note that the act of driving the victim down the street against her will constituted asportation as contemplated by OCGA § 16-5-40 (a). See *Brown v. State*, 132 Ga. App. 399, 401 (2) (208 SE2d 183) (1974); *Helton v. State*, supra. Additionally, the evidence was undisputed that appellant *did not* release the victim, and that she ultimately escaped her captor. Thus, the evidence adduced at trial did not authorize or require a charge on false imprisonment. "It is never error for a trial court to refuse to charge on a lesser included offense even though requested in writing when the evidence does not reasonably raise the issue that defendant may be only guilty of the lesser crime. [Cits.]" *Quick v. State*, 139 Ga. App. 440, 443 (228 SE2d 592) (1976). See also *Wyley v. State*, 169 Ga. App. 106, 109 (2) (311 SE2d 530) (1983); *Watson v. State*, 235 Ga. 461, 465 (5) (219 SE2d 763) (1975). Compare *Malone v. State*, 142 Ga. App. 47 (2) (234 SE2d 844) (1977).

Moreover, "we find that a plea of not guilty by reason of insanity is a plea of confession and avoidance — it admits the facts pleaded in the indictment, but avoids conviction because of the condition of insanity of the defendant at the time of the offense. [Cits.]" *Moses v. State*, 167 Ga. App. 556, 559 (307 SE2d 35) (1983). Since the indictment charged kidnapping, a charge on false imprisonment was not authorized under appellant's theory of defense.

4. During the presentation of the evidence, the trial court had occasion to instruct the jury in general terms with regard to a defendant's Fifth Amendment right not to testify. Defense counsel interrupted this instruction and requested a discussion outside the presence of the jury. When the jury returned, the trial court gave an instruction specifically tailored to the testimony in issue. No objection or request for any further curative or clarifying instructions was made. Appellant now asserts that the trial court's initial generalized instruction was erroneous. However, any possible error in this regard was waived by the failure to raise it at trial. *Johnson v. State*, 170 Ga. App. 433, 437 (7) (317 SE2d 213) (1984); *Davis v. State*, 170 Ga. App.

126 (2) (316 SE2d 573) (1984).

5. Several enumerations of error address the failure to give or the giving of certain instructions to the jury.

Although appellant made several objections to the charge when invited to do so by the trial court, the instructions upon which error is now enumerated were not among those to which objections were made. Nor did defense counsel reserve the right to object on motion for new trial or on appeal. Accordingly, these asserted errors were waived. *Zant v. Akins*, 250 Ga. 5, 6 (2) (295 SE2d 313) (1982); *Howard v. State*, 172 Ga. App. 83 (1) (321 SE2d 815) (1984); *Richardson v. State*, 172 Ga. App. 12 (1) (322 SE2d 66) (1984).

6. Appellant enumerates error upon the trial court's sua sponte poll of the jury following the reception of the verdict. Defense counsel did not request that the jury be polled, nor did he voice any objection to the procedure followed by the trial court. Therefore, any errors in the jury poll were waived. *Tucker v. State*, 252 Ga. 263 (312 SE2d 300) (1984); *Hargett v. State*, 151 Ga. App. 532 (260 SE2d 406) (1979). Moreover, the manner in which the poll was conducted was adequate. *Tucker v. State*, supra; *Gray v. State*, 156 Ga. App. 117, 118-119 (3) (274 SE2d 115) (1980).

7. For the reasons set forth herein, the trial court did not err in entering judgment upon the verdicts of guilty but mentally ill, nor did it err in overruling appellant's amended motion for new trial.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1985 —
REHEARING DENIED JUNE 17, 1985 — 

*Paul S. Weiner*, for appellant.

*Robert E. Wilson, District Attorney, Robert E. Statham III, Assistant District Attorney*, for appellee.