## 73835. BYRD v. THE STATE.
(356 SE2d 708)

CARLEY, Judge.

Appellant was indicted for one count of aggravated assault. After a bench trial, appellant was found guilty but mentally ill at the time of the crime. See OCGA § 17-7-131 (b) (1) (D). He appeals from the conviction and sentence entered on the verdict.

Appellant's sole enumeration is that the trial court erred in finding him guilty but mentally ill. The contention is that appellant should have been found not guilty by reason of insanity, in that he was acting under a delusional compulsion when he assaulted the victim. See OCGA § 16-3-3.

" '[A] defendant's sanity is presumed; a defendant has the burden of proving insanity by a preponderance of the evidence. . . . [Cit.]' [Cit.]" *Awtrey v. State*, 175 Ga. App. 148, 150 (1) (332 SE2d 896) (1985). See also *Adams v. State*, 254 Ga. 481, 483 (1 b) (330 SE2d 869) (1985). "To support a finding that a defendant is not guilty of a criminal act under OCGA § 16-3-3, it must appear: (1) that the defendant was laboring under a delusion; (2) that the criminal act was connected with the delusion under which the defendant was laboring; and (3) that the delusion was as to a fact which, if true, would have justified the act. [Cit.]" *Stevens v. State*, 256 Ga. 440, 442 (350 SE2d 21) (1986). Assuming without deciding that appellant met his burden of proof as to the first two elements of a delusional compulsion defense, it is clear that he did not meet his burden to prove that his delusion was as to a fact which, if true, would have justified the assault. See generally *Graham v. State*, 236 Ga. 378, 379-382 (223 SE2d 803) (1976). Compare *Stevens v. State*, supra.

The requirement that the delusional compulsion must justify the action in question is not, as appellant asserts, applicable only in homicide cases. The delusional compulsion insanity defense is not available only in cases of homicide and, consequently, the elements necessary to prove that defense are in no way dependent upon the

death of the victim. See generally *Biddy v. State*, 138 Ga. App. 4, 6 (1) (225 SE2d 448) (1976) (aggravated assault). The record in this case clearly shows that appellant did not carry his burden of proof under OCGA § 16-3-3 and that the finding of guilty but mentally ill was authorized. Compare *Stevens v. State*, supra.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 14, 1987 —
REHEARING DENIED APRIL 29, 1987 —

*Stanley M. Baum*, for appellant.

*Lewis R. Slaton*, District Attorney, *A. Thomas Jones, Benjamin H. Oehlert III, Joseph J. Drolet*, Assistant District Attorneys, for appellee.