A89A2334. VICK v. MERCER.
(391 SE2d 680)

BIRDSONG, Judge.

We granted this interlocutory appeal to determine whether the trial court erred in denying summary judgment to the plaintiff Vick in his suit on a $50,000 promissory note.

The trial court found that issues of fact exist as to the understanding of the parties, it being defendant Mercer's contention that he and a non-defendant Pegues signed the note in representative capacities only, as president and secretary/treasurer of Quicklease Corp. The trial court apparently relied upon *Kramer v. Johnson*, 121 Ga. App. 848 (176 SE2d 108), in denying the plaintiff's motion for summary judgment. In this the trial court erred.

The promissory note was signed as follows: "Signature: *Capstone/Quicklease (L.S.)*; Signature: *Ken Pegues (L.S.)*; Signature: *Merlin F. Mercer (L.S.)*." On the face of the note, both Pegues and Mercer obligated themselves, under seal, as principal debtors along with Capstone/Quicklease.

The *Kramer* case headnote states that judgment on the pleadings in a suit "to hold an agent personally liable on a note" is improper "where the answer raises the factual issue of the understanding of the parties as to signature in a representative capacity *and the form of the signature indicates a representative capacity* although the principal is not named. [OCGA § 11-3-403.]" (Emphasis supplied.) *Kramer* is inapposite to this case, for "the form of the signature[s]"

on this note do not "indicate a representative capacity." And there can be no misconstruction as to what *Kramer* meant by that statement, for the form of signatures on the note in *Kramer* showed that its makers signed as "Governor" and "Secy." The question there was whether the signers could be held principally liable because of the omission on the note of the name of the corporation on behalf of which the representatives signed. This is not the question here, for clearly the corporation was a signatory and so were Mercer and Pegues, on equal footing.

Further, the terms of the note provide, as to "Severability & Multiple Parties: (a) If more than one party shall sign this Agreement . . . all . . . parties shall be jointly and [severally liable]. . . ."

This case is controlled by OCGA § 11-3-403 (2) and by *Adcock v. First Nat. Bank of Atlanta*, 144 Ga. App. 394 (241 SE2d 289), where the defendants similarly made a defense of misunderstanding of the capacity in which they executed the note. Such an assertion in an answer gains the defendant nothing where the note shows on its face that the defendants did not sign in a representative capacity but are equally and severally liable. Id. at 395 (2) (a). *Southern Oxygen &c. Co. v. DeGolian*, 230 Ga. 405, 406-407 (197 SE2d 374). Plaintiff/appellant Vick made out his prima facie case for recovery (id. at 395); the burden for establishing a defense then rested upon defendant Mercer.

Appellee/defendant Mercer raises no viable defense. The issues were beclouded by appellant's production of a letter which strongly indicates Mercer and Pegues might have induced Vick to make the loan by promising to sign as guarantors, and by the fact that they then did not sign as guarantors; Mercer says this letter merged into the loan and cannot be used to show he is liable. However, this argument is a red herring. Mercer's (and Pegues') execution of the note as principal obligors without distinction, renders it unnecessary and superfluous to charge them as "guarantors." Any prior document by which they induced the loan by promising to guarantee did indeed "merge" into the loan, as Mercer contends, but only because in the loan itself he clearly obligated himself as a principal debtor. Examination of the entire record and all the evidence leads inexorably to the conclusion that whether Mercer and Pegues ever induced the loan by promising to serve as guarantors, in the final document they pledged themselves unequivocally as principal debtors, jointly and severally liable under the terms of the instrument itself.

The trial court erred in finding there was any issue of fact as to whether Mercer and Pegues executed the note in a representative capacity, for the face of the document shows they did not. Cf. *Kramer*, supra, distinguished in *Oxygen Supply*, supra. Appellant Vick was entitled to summary judgment.

*Judgment reversed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 23, 1990 —
REHEARING DENIED MARCH 9, 1990 — 

*James E. Sherrill*, for appellant.
*Diane E. Bessen*, for appellee.