## A94A2104. RAINEY v. THE STATE.
(455 SE2d 73)

SMITH, Judge.

Anthony Lee Rainey was convicted of rape, OCGA § 16-6-1, and possession of cocaine, OCGA § 16-13-30. His motion for new trial was denied, and he appeals.

1. Rainey contends the trial court erred in failing to charge on the law of circumstantial evidence under OCGA § 24-4-6. That Code section provides: "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." The rule established in *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991), and confirmed in *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994), provides that "where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request. This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." *Robinson*, supra at 699-700.

Rainey did not request this charge. However, he apparently seeks to argue a constructive request or waiver by contending the trial court misled him in the charge conference by indicating it would charge "the general charge on circumstantial evidence from the pattern book." Even assuming some authority exists for such a contention, it has no merit. The discussion during the conference took place in the context of Rainey's request for a "two theories" charge, which does not constitute a request to charge the language of OCGA § 24-4-6. See *Kelly v. State*, 212 Ga. App. 278, 281-282 (2) (442 SE2d 462) (1994); see also Division 2, below. Rainey's failure to request a written charge is dispositive. See generally *Bullock v. State*, 202 Ga. App. 65, 66 (1) (413 SE2d 219) (1991).

While there is some authority for the proposition that a charge under OCGA § 24-4-6 should be given without request in cases depending wholly on circumstantial evidence,[1] the evidence of Rainey's guilt was *not* wholly circumstantial. The victim, a 72-year-old woman, was acquainted with Rainey, who lived nearby. The victim positively identified Rainey as the man who asked to use her telephone, then choked, beat, and raped her. Her injuries were shown by photographs and the testimony of a physician. The victim immediately called the police, described appellant, and told the police where he lived. As the police announced themselves at appellant's home, he attempted to leave through the rear door. Appellant later provided two written statements to the police, including a statement that he had used crack cocaine earlier in the day. He gave the investigating officer permission to recover drug-related items from a hiding place in his home. The police recovered the items from the described location, and the

---

[1] It has been asserted that, under *Robinson* and its progeny, this charge need not be given absent request, even in cases depending wholly on circumstantial evidence. See *Yarn v. State*, 215 Ga. App. 883 (452 SE2d 537) (1994) (Andrews, J., concurring specially). However, we need not reach that issue here.

items tested positive for cocaine. Since the evidence was not wholly circumstantial, Rainey's failure to show that he requested the charge in writing is dispositive, and we find no error.

2. Rainey also contends the trial court erred in refusing to give the so-called "two theories" charge. However, this court has repeatedly held that this statement of the law does not accurately state the principle addressed and "should never be given." *Johnson v. State*, 210 Ga. App. 99, 102 (2) (435 SE2d 458) (1993); *Matthews v. State*, 214 Ga. App. 104, 105 (2) (446 SE2d 790) (1994). This enumeration of error has no merit.

3. The trial court sustained the prosecutor's objection to a question posed by Rainey's counsel to the physician who treated the victim, and Rainey enumerates this as error. Rainey's counsel sought to elicit testimony from the physician that a finger could have caused the victim's injuries and that penetration therefore may not have taken place. Rainey's counsel then asked Rainey to hold up his hands for the physician. The prosecutor objected on the ground there were no facts in evidence to support the physicians's opinion, and the trial court sustained the objection. Assuming without deciding that the physician should have been allowed to give an opinion, the physician had already testified the injury could be consistent with digital penetration. Rainey's trial counsel relied on this testimony in closing argument. "Even assuming arguendo that the trial court erroneously refused the testimony, such exclusion was wholly harmless where other evidence of the same facts was introduced and admitted. See *Glass v. State*, 235 Ga. 17 (218 SE2d 776) [(1975)]." *Smith's Transfer Corp. v. Alterman Foods*, 162 Ga. App. 284, 286 (2) (291 SE2d 261) (1982). Moreover, Rainey's trial counsel successfully objected to an earlier attempt by the State to elicit the same testimony.

4. Rainey also contends the trial court erred in admitting his written statements to the police, alleging they were obtained as the result of an illegal arrest. The victim called the police immediately and reported the attack. She identified the attacker as a neighbor, described him and his clothing, and told the police where he lived. When plainclothes investigators went to that house, one investigator stopped Rainey as he attempted to leave by the back door. His clothing and physical appearance were similar to those described by the victim. At that time, the investigator asked Rainey to have a seat in the front of his car, because he had "attempted to slip out the back door." The investigator told Rainey he was not under arrest at that time and read him his *Miranda* warnings. The interview lasted "just a few moments," because after Rainey was told the police were investigating an assault at the victim's residence, he stated he had been there that morning to use the telephone. At that point, he was advised he was under arrest and was transported to the police station.

He was advised of his *Miranda* rights for a second time, and he then signed a written *Miranda* form and provided two written statements to the police. The trial court suppressed the statements made by Rainey before his arrest, but denied the motion to suppress as to the written statements.

In *Singleton v. State*, 195 Ga. App. 119 (393 SE2d 6) (1990), the defendant claimed his Fourth Amendment rights were violated when he was taken to the police station for questioning, because he was "seized" unlawfully at his workplace in a warrantless arrest. This court found no arrest occurred, but even if an arrest occurred, there was probable cause and thus a warrant was not required. The victim described her assailant as a young Caucasian male with long, dark hair and a beard, identified his voice, and stated he had been next door. Here, the victim not only described Rainey but told the police he was a neighbor and where he lived; Rainey was stopped by the police while attempting to flee through the back door. Assuming without deciding that an arrest occurred when Rainey was seated in the front of the investigator's car and told he was *not* under arrest, there was probable cause for his arrest even before he admitted having been in the victim's house that morning.

Moreover, assuming without deciding that an illegal arrest occurred, in deciding whether a statement is the product of an illegal arrest, "[t]he trial court must determine whether the statements sought to be excluded were obtained by exploitation of the illegality of defendant's arrest. In addition to whether a detainee has been warned of his rights, the factors which should be considered in determining whether a confession has been purged of the taint of an illegal arrest include the temporal proximity of the arrest and the confession, the presence of intervening circumstances, and, particularly, the purpose and flagrancy of the official misconduct. Factual and credibility determinations of this sort made by a trial judge must be accepted by appellate courts unless such determinations are clearly erroneous." (Citations and punctuation omitted.) *Paradise v. State*, 212 Ga. App. 166, 167 (441 SE2d 497) (1994). In *Paradise*, the defendant agreed to come to the police station for questioning and was mistakenly handcuffed by a deputy who believed him to be under arrest. He moved to suppress his later statement to the police as the product of an illegal arrest. However, this court held that even if an illegal arrest occurred, any taint arising from such an arrest was attenuated by subsequent events. 212 Ga. App. at 167-168.

Rainey was not handcuffed or confined in the rear of a patrol car. He was interviewed briefly, then transported to the police station, where he was again advised of his *Miranda* rights and signed a waiver form before giving two statements. Under these circumstances, even if there was an illegal arrest, any effect was attenuated by the time

Rainey gave his later statements. The trial court did not err in over-ruling Rainey's motion to suppress.

5. Rainey enumerates as error the trial court's failure to grant a mistrial because of a remark made by the prosecutor in response to an objection by defense counsel to testimony by a "chain of custody" witness: "If [counsel] wants to go ahead and stipulate the chain of custody, that will be fine with me, but otherwise, I need to have the item identified." Rainey contends this was an improper comment on his failure to testify. We disagree. The prosecutor was not commenting on any failure by Rainey to testify, but discussing defense counsel's objections to the State's introduction of evidence. While Rainey contends this comment somehow placed a duty on him to produce evidence, he does not explain how or why it relates to his testimony. He could not have testified as to the chain of police custody in any event. Under these circumstances, there was no manifest abuse of discretion in the denial of defendant's motion for mistrial under the facts of this case, and reversal is not required. See *Bleckley v. State*, 214 Ga. App. 860, 861 (449 SE2d 351) (1994). "Moreover, appellant refused the offer of curative instructions, thus making it impossible for the trial court to repair the alleged prejudice and waiving the grounds to assert mistrial error on appeal. [Cit.]" *Battle v. State*, 195 Ga. App. 542, 544 (2) (394 SE2d 788) (1990).

*Judgment affirmed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 6, 1995 —
RECONSIDERATION DENIED MARCH 9, 1995 — 

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer, Phyllis Miller,* for appellant.

*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney,* for appellee.