## A97A0272. COHEN v. CAPCO SPORTSWEAR, INC.
(483 SE2d 634)

SMITH, Judge.

Capco Sportswear, Inc. brought suit against Amalgamated T-Shirts d/b/a T-Shirt Inn to recover $62,444.39 for merchandise purchased on account. Capco also sought a recovery against Stuart Cohen, as the guarantor of Amalgamated's account. Amalgamated answered and admitted owing a debt on account to Capco but did not admit it owed the amount alleged and did not specify the amount owed. Cohen denied personally guaranteeing Amalgamated's debt. The trial court dismissed Amalgamated's answer for failing to specify the amount owed as required by OCGA § 9-10-112. Capco then moved for summary judgment, which was granted against both defendants. This appeal by Cohen ensued.

The record shows that Cohen was the sole shareholder of Amalgamated. When Amalgamated sought to purchase merchandise from Capco on credit, Capco requested that Cohen submit a financial statement and personally guarantee payment. In response, Cohen sent Capco his personal financial statement and a signed, handwritten note on Amalgamated letterhead, in which he stated: "I am happy to personally guarantee our acct."

Amalgamated did not pay its account, and Capco maintained that Cohen's note constituted a personal guaranty. The trial court apparently agreed with Capco, and Cohen contends this was error. He argues that his note was not intended as a personal guaranty but was merely an offer to sign a formal guaranty agreement in the future, if Capco sent him one. The sole issue on appeal is whether the trial court properly construed the handwritten note as Cohen's personal guaranty. We agree with Capco and the trial court that the note is a guaranty, and we affirm.

1. We find no merit in Cohen's argument that the note was signed in his representative capacity and thus could not bind him personally. Cohen's reliance upon *Kramer v. Johnson*, 121 Ga. App. 848 (176 SE2d 108) (1970), is misplaced. In *Kramer*, representatives of a corporation signed a note. Their signatures indicated they were signing as officers of the corporation, but the note itself did not disclose the identity of the represented corporation. The *Kramer* court applied the predecessor statute of former OCGA § 11-3-403 to determine whether the signing agents of a principal were liable. We held that judgment on the pleadings for the plaintiff note holder was improper notwithstanding the fact that the identity of the corporation was not disclosed in the note because the makers' signatures clearly indicated that they signed the note in their representative capacities.

The facts in this case are exactly reversed. The writing here dis-

closed the corporation; it was written on corporate letterhead. But the signature does not purport to be made in a representative capacity. Indeed, the clear meaning of the words written indicates an intention to be bound personally.

The facts here are similar to those in *Vick v. Mercer*, 194 Ga. App. 785 (391 SE2d 680) (1990). In *Vick*, the corporation and two individuals signed a note. The individual defendants argued they signed the note in their representative capacities, but no such indication appeared after their signatures on the note. We held in *Vick* that the defendants' reliance upon *Kramer* was inapposite and that the individual signatories were personally liable on the note. This case is even stronger than *Vick* because the *substance* of the writing shows clearly that Cohen signed it in his individual capacity. It would be nonsensical for him to execute a *personal* guaranty of the corporation's account in his representative capacity; the corporation would then be guaranteeing its own note.

2. Cohen's argument that the writing did not itself constitute a guaranty fails as well. "The form of the contract is immaterial, provided the fact of suretyship exists." OCGA § 10-7-4. Unlike *Yancey Brothers Co. v. Sure Quality Framing Contractors*, 135 Ga. App. 465 (218 SE2d 142) (1975), relied upon by Cohen, the fact of suretyship appears on the face of the writing. Its meaning could not be plainer or clearer; he wrote that he was "happy to personally guarantee our account." This unequivocally states his present intention to be a personal guarantor. The trial court did not err.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 5, 1997.

*Dearing & Klauber, Scott M. Klauber, Deborah F. Weiss*, for appellant.

*Law Offices of J. Christopher Simpson, Roy D. Reagin, Jr.*, for appellee.