A98A1069. BREVARD, INC. v. BROADWATER MANAGEMENT, INC.
(508 SE2d 747)

SMITH, Judge.

Brevard, Inc. appeals from the trial court's grant of a directed verdict to Broadwater Management, Inc., d/b/a Ramada Hotel and Conference Center-Dunwoody in an action brought by Brevard alleging fraud and breach of a contract to provide hotel rooms for Brevard's clients. We conclude that because the evidence was in conflict as to a material issue and the evidence did not demand a verdict in favor of Broadwater, a directed verdict was not warranted as to one of Brevard's claims. We therefore reverse the judgment below as to that claim and remand the case for trial.

The evidence showed that Brevard, Inc., a consultant to the U. S. Drug Enforcement Administration ("DEA") and the U. S. Immigration and Naturalization Service ("INS"), entered into several "facilities agreements" with Broadwater Management, Inc. to provide rooms and services at a Dunwoody hotel during the 1996 Olympic Games for agents of the two government agencies. Broadwater, a consolidator that obtains hotel accommodations, had an agreement with the owner of the hotel to arrange accommodations. Brevard also executed "booking" agreements with Broadwater, under which it agreed to pay for the rooms. Brevard was paid, in turn, by its customer agencies.

Brevard alleged in its complaint that in entering into the contracts, it relied on certain representations made by Broadwater that the hotel would be renovated and would become affiliated with the Sheraton chain prior to the occupancy date. When the renovations were not completed and the hotel was not Sheraton-affiliated at the time of occupancy by the agencies, Brevard withheld a portion of the negotiated fee and brought suit against Broadwater, alleging breach

of contract, fraud, and violation of the Fair Business Practices Act.[1] Broadwater answered and counterclaimed for funds owed by Brevard under the "booking" agreements. The trial court granted Broadwater's motion for summary judgment on its counterclaim and on Brevard's claim under the Fair Business Practices Act. The trial court concluded, however, that material issues of fact remained as to Brevard's claims of breach of contract and fraud and that these claims must be tried.

At the trial of these claims, before a different trial judge and a jury, Broadwater moved for a directed verdict after the close of Brevard's case-in-chief. This motion was granted as to both counts of Brevard's complaint. The jury then heard evidence as to Broadwater's claim for prejudgment interest and its claim for attorney fees under OCGA § 13-6-11. It returned a verdict for Broadwater for $10,000 prejudgment interest and in favor of Brevard on the claim for attorney fees.

1. Brevard contends the trial court erred in granting Broadwater's motion for directed verdict.

(a) At trial, Broadwater addressed its motion to both remaining counts of Brevard's complaint. Broadwater argued at trial that Brevard could not recover on the fraud count because the representations made applied to future events. See *Bradley v. British Fitting Group*, 221 Ga. App. 621, 624 (4) (472 SE2d 146) (1996). But on appeal, Brevard addresses only the grant of a directed verdict with respect to the breach of contract claim. Brevard's enumeration does not encompass the fraud claim, nor does its argument address this claim. We therefore deem waived any argument that a directed verdict was erroneously granted as to the claim of fraud. See Court of Appeals Rule 27 (c) (2); *Billy Cain Ford v. Kaminski*, 230 Ga. App. 598, 602 (4) (496 SE2d 521) (1998).

(b) We agree with Brevard, however, that a directed verdict was improper as to its claim for breach of contract. In our review of a trial court's grant of a motion for directed verdict, we review the evidence and resolve doubts and ambiguities in favor of the party opposing the motion. A directed verdict is proper only when no conflict exists in the evidence as to material issues, and the evidence introduced, together with all reasonable deductions therefrom, demands a certain verdict. *Plane v. Uniforce MIS Svcs.*, 232 Ga. App. 757, 758 (503 SE2d 621) (1998).

Broadwater's motion for a directed verdict as to this claim was made upon the ground that Brevard entered into the facilities agree-

---

[1] Brevard originally also sought an injunction, which was granted, preventing Broadwater from exercising its innkeeper's rights and locking out the agents. This is no longer in issue.

ments as agent for its clients, the DEA and the INS. OCGA § 10-6-82 provides, with certain exceptions set forth in the statute, that "[g]enerally, an agent shall have no right of action on contracts made for his principal." It follows, therefore, that if Brevard executed the contract as a disclosed agent for its customers, it had no right to sue on the contract.[2] The question thus becomes one of the capacity in which Brevard executed the contracts in issue, and the contracts themselves are internally inconsistent with respect to that issue. The very first paragraph of each facilities agreement identifies the parties as "Broadwater Management Inc., a Nevada corporation ('Consolidator') and Brevard, Incorporated as Agents on behalf of [either the DEA or the U.S. INS, Investigation Division] ('Guest') (Consolidator and Guest are collectively referred to as the 'Parties' and sometimes individually a 'Party')." The words "on behalf of" indicate that Brevard did not enter into the contracts as a principal, but instead as a disclosed agent for its clients. But on the last page of each contract, signature lines are provided for "Consolidator: Broadwater Management, Inc., a Nevada Corporation, By: _____ Name: Mehdi Khimji, Title: President," and "Guest: Brevard, Incorporated, By: _____ Name: Nancy Hallberg, Title: President."

This apparent internal contradiction creates an ambiguity in the contract with regard to whether Brevard executed the contracts in its own name or as agent for its clients. Contrary to the arguments of both parties, this ambiguity is not resolved by the placement of the word "guest" in relation to either Brevard or its client in the first paragraph of the contracts; we can conclude nothing about the intention of the parties from the placement of this word. Under these contracts, the "guest" could be Brevard, the federal agency on behalf of whom Brevard was acting, or Brevard as agent for the federal agency. Because the evidence did not demand a verdict in favor of Broadwater, the trial court erred in removing this issue from the jury's consideration.

2. Brevard maintains that the positions taken by Broadwater as to the counterclaim (on which summary judgment was previously granted in favor of Broadwater) and the main claim were "substantively inconsistent." Brevard argues that in pressing its counterclaim, Broadwater necessarily took the position that Brevard was a party to the contracts, while in defending against the main claim Broadwater asserted that Brevard did not have the right to sue on the contracts because it was not the real party in interest but executed the contracts merely as an agent for its clients. Brevard asserts that the position taken by Broadwater in its counterclaim worked a

---

[2] None of the exceptions set forth in the statute appears to be applicable to Brevard.

"judicial estoppel" barring Broadwater from asserting that Brevard was not the principal party to the agreements.

In making this argument, however, Brevard ignores the fact that the "facilities agreements, which formed the subject of Brevard's action against Broadwater," and the "booking agreements" in issue in the counterclaim, were separate contracts; Brevard's status was not identical in the two types of agreement. In fact, the record shows that the signature lines in the "booking agreements" reflect this difference. In contrast to the "facilities agreements," the "booking agreements" were signed by Hallberg as president of Brevard, without reference to its clients or any mention of agency. This contention has no merit.

*Judgment reversed and remanded. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Broadwater suggests we have overlooked controlling precedent, citing *Rodriguez v. Miranda*, 234 Ga. App. 779 (507 SE2d 789) (1998). Broadwater argues that *Rodriguez* stands for the proposition that an agent's acknowledgment of an agency relationship within the body of a document negates any signature in a non-representative capacity. This is incorrect. *Rodriguez* did not set forth a new rule. It simply applied the venerable rule that in construing contracts, the intention of the parties must govern. In that particular case, although the signature line did not reflect the representative capacity of the signer, the body of the document showed clearly that it was made in a representative capacity. Id. at 784 (3). By citing as a comparison *Cohen v. Capco Sportswear*, 225 Ga. App. 211 (483 SE2d 634) (1997), we acknowledged in *Rodriguez* that the opposite could also be true. Id. at 784, fn. 14. In *Cohen*, although a conflict existed between a statement in the body of the document and the signature line, the substance of the document showed clearly that it was signed in an individual capacity. In this case, as stated in the opinion, the ambiguity cannot be resolved, and summary judgment was therefore improper.

Broadwater also asserts that we overlooked a material fact in the record: a solemn admission in judicio that Brevard was acting as agent for the federal agencies that were its clients. But Brevard's statement was not a solemn admission in judicio, as argued by Broadwater. Its statement relates to a legal conclusion and reflects Brevard's understanding with regard to it. "The rule as to admissions in judicio applies only to admissions of fact and does not apply to opinions or conclusions. [Cits.]" *Aycock v. Calk*, 228 Ga. App. 172, 174 (491 SE2d 383) (1997). Moreover, this very statement sets up the

ambiguity in issue, because it conflicts with Brevard's signature in an individual, non-representative capacity.

DECIDED NOVEMBER 3, 1998 —
RECONSIDERATION DENIED DECEMBER 1, 1998

*Freeman Law Firm, Joe C. Freeman, Jr., Douglas P. McManamy, Christine M. Stadler*, for appellant.
*Minkin & Synder, Michael J. King, G. Brian Raley*, for appellee.