## Newport Mechanics Man. Co. *vs.* Starbird.

Where a promissory note was given to *The President, Directors and Company of* the Newport Mechanics Manufacturing Company, instead of to " The Newport Mechanics Manufacturing Company," which was the true name of the corporation to which the note was designed to be given—*Held*, that the variance was not such as to preclude recovery in the name of said corporation.

Also, that it might be shown, by extraneous testimony, whether the plaintiffs were intended to be designated as the promisees of the note.

Assumpsit, for money had and received. Plea, general issue.

It appeared that the plaintiffs were incorporated June 27, 1835, by the name of the Newport Mechanics Manufacturing Company, and the corporators accepted the charter and duly organized under its provisions.

The plaintiffs gave, in evidence, a note of the following tenor:

"Newport, May 27, 1835. For value received I promise to pay *The President, Directors and Company of* the Newport Mechanics Manufacturing Company, five hundred dollars, on demand, with interest annually."

Naylor Starbird.

It appeared that the note was given after the organization of the corporation; was ante dated, and that it was in fact given to the plaintiffs, and that they were the persons interested as payees, by the description in the note; and that the note was given to the plaintiffs for one tenth part of their capital stock—the value of five shares taken by the defendant.

The defendant objected to the admission of parol testimony to show to whom this note was intended to be given; but it was admitted.

A verdict was taken for the plaintiffs, for the amount due on the note, subject to future advisement.

*Edes*, for the plaintiffs.

*Burke, & Handerson*, for the defendant.

UPHAM, J. The general rule as to corporations is, that each corporation shall have a name by which it is to sue and be sued, and do all legal acts. *Com. Dig., Tit. Franchise, F*, 9; 10 *Co. Litt.* 29, *b*.

The name of a corporation in this respect designates the corporation, in the same manner that the name of an individual designates the person. There is this difference, however, that the alteration of a letter, or transposition of a word, usually makes an entirely different name of the person, while

the name of a corporation frequently consists of several descriptive words, and the transposition of them, or an interpolation, or omission, or alteration of some of them, may make no essential difference in their sense.

It is said, in 10 *Coke's R.* 135, that in all grants by or to corporations, if there is enough expressed to show that there is such an artificial being, and to distinguish it from all others, the body politic is well named, although there is a variation of words and syllables.  See, also, *Bac. Ab., Corporations, ch.* 2 ; *Bro. Ab., Misnomer,* 73 ; 1 *B. & P.* 40, *Mayor and Burgesses of Stafford* vs. *Bolton ;* 1 *Barn. & Ald.* 699, *Mayor and Burgesses of Malden* vs. *Miller ;* 10 *Mass. R.* 360, *Medway Cotton Manufactory* vs. *Adams & a.*

The enquiry in this case is the same as in 10 *Mass. R.* 360, " whether the name of the note sufficiently indicates the plaintiffs, and were they known by it as the promisees ?" That case is far stronger than the present, and it would seem quite clear, in the absence of evidence to the contrary, that a note to the president, directors and company of the Newport Mechanics Manufacturing Company was a note to the *Newport Mechanics Manufacturing Company ;* at least, as much so as a grant to the mayor, burgesses, &c., of the *borough town* of Malden, is a grant to the mayor, burgesses, &c., of Malden : which is the case cited from 1 *Barn. & Ald.* 699.

It is held that the utmost certainty required in grants concerning the names of the parties is, " that there be sufficient shown to ascertain the grantor and grantee, and to distinguish them from all others."  *Bac. Ab., Grant,* 6 ; *Co. Litt.* 3.

The description in the note declared on would seem clearly to indicate the plaintiffs as the promisees, in distinction from all others.  But however this may be, as an inference from the face of the paper, the fact is clearly so, as shown in the case.  The case finds " that the plaintiffs were the persons interested in the note as payees, by the description in said note, and that it was given to the plaintiffs for one tenth part

of their capital stock, being the value of five shares taken by the defendant." This fact may be shown by extraneous evidence. It is sometimes made a question for the jury, whether a particular corporation was intended under some given description. 2 *N. H. Rep.* 310, *Society for Propagating the Gospel* vs. *Young ;* and we have no hesitation in holding that where such fact appears, and the whole corporate name is given, with the addition prefixed merely of the names of the officers and company of said corporation, the promise may be regarded as to the corporation itself, and the variance is not such as to preclude a recovery in the corporate name.

*Judgment on the verdict for the plaintiffs.*