SEABOARD COMMERCIAL CORPORATION *vs.* LOUIS
LEVENTHAL ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 3d—decided May 7th, 1935.

*Alexander Winnick,* for the appellant (named defendant).

*Robert L. Halloran,* with whom, on the brief, was *Wilson C. Jainsen,* for the appellee (plaintiff).

AVERY, J. The Geo. B. Wuestefeld Company sold an automobile to Thomas L. Campbell under a conditional sales contract duly recorded in the office of the town clerk of New Haven. The contract and notes

were assigned to the present plaintiff. Thereafter, and before Campbell had completed his payments, the car was attached by a constable, the defendant Louis Leventhal, in a suit brought against Campbell by Samuel Olmer. The plaintiff brought the present action to replevy the automobile from the attachment. The conditional sales contract was made part of the complaint as an exhibit. The only question involved on the appeal is whether the conditional sales contract was acknowledged in accordance with the provisions of General Statutes, §§ 4697 and 4699, so as to be valid as against an attaching creditor.

In the conditional sales contract, the parties were described as follows: "THIS CONTRACT, made this 9th day of August in the year 1934, between Geo. B. Wuestefeld Co., 190 Whalley Ave., New Haven, Conn., his or its successors, agents or assigns, hereinafter individually or collectively called Seller, and Thomas L. Campbell, 1928 Quinnepiac Ave., New Haven, Conn., hereinafter called Purchaser." It was signed "Seller Geo. B. Wuestefeld Co. (L.S.) By Geo. B. Wuestefeld Title Pres.; Purchaser Thos. L. Campbell (L.S.)". The acknowledgment, after the date and venue, was as follows: "Personally appeared Thomas L. Campbell, Purchaser and Geo. B. Wuestefeld Co. by Geo. B. Wuestefeld, Dealer, signers and sealers of the foregoing instrument, and acknowledged the same to be their free act and deed and the free act and deed of Geo. B. Wuestefel Co." Our statutes provide that conditional sales contracts shall be in writing, acknowledged before some competent authority and filed in the town clerk's office in the town where the vendee resides, and that conditional sales not made in conformity with these provisions shall be held absolute sales except as between the vendor and vendee and their personal representatives. The statute does not

prescribe the particular form of instrument by which conditional sales must be made. They may be made by instruments signed by the vendor alone, by those signed by both the vendor and vendee, or by those signed by the vendee alone. *National Cash Register Co.* v. *Lesko,* 77 Conn. 276, 280, 58 Atl. 967. No statutory form of corporate acknowledgment is prescribed in this State. *Sanford* v. *Buckley,* 30 Conn. 344, 347. "It is essential that it appear from the certificate, when read in connection with the instrument acknowledged, that the acknowledgment is made on behalf of the corporation and therefore is its acknowledgment, and not merely that of the individual who executed the instrument. When no special form is prescribed by statute, a certificate is sufficient which identifies the subscriber, specifies the writing subscribed, states the capacity in which he executed it and certifies his acknowledgment thereof." *Commercial Credit Corporation* v. *Carlson,* 114 Conn. 514, 518, 159 Atl. 352.

The certificate in question complies with these requirements; the name of the corporation appears in the acknowledgment; it appears therefrom that it was executed by Geo. B. Wuestefeld on behalf of the corporation, and was acknowledged by him as the free act and deed of the corporation. Moreover, by reference to the signature on the contract, it appears that he was the president of the company. The fact that the word "Company" at the end of the name is written "Co." instead of being written out in full; that the prefix "The" to the corporate name required by General Statutes, § 3378, is omitted; and that the word "Wuestefeld" is spelled in one place as "Wuestefel", does not render the certificate invalid. It is the general rule that in case of a misnomer of a corporation in a grant, obligation or written contract, if there

is enough expressed to show that there is such an artificial being and to distinguish it from all others, the corporation is sufficiently named although there is a variation of words and syllables. *Commercial Bank v. French,* 38 Mass. (21 Pick.) 486, 489; *Melledge* v. *Boston Iron Co.,* 59 Mass. (5 Cush.) 158, 174; *Newport Mechanics Mfg. Co.* v. *Starbird,* 10 N. H. 123; 14 C. J. 324; 7 R. C. L. 130. "It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances, or the proof of them, to be defeated by technical or unsubstantial objections." *Carpenter* v. *Dexter,* 75 U. S. (8 Wall.) 513, 526.

There is no error.

In this opinion the other judges concurred.