## 47446.   DeGOLIAN v. SOUTHERN OXYGEN SUPPLY COMPANY.

HALL, Presiding Judge. Defendant in a suit on a note appeals from the judgment. The sole issue is whether the court, sitting as fact finder, erred in refusing to allow or consider evidence offered by the defendant that he in-

tended and understood the agreement to be that he execute the note on behalf of Golian Steel Company in his representative capacity as president.

The note is a standard form provided by a bank, with the blanks filled in by the plaintiff's president. The relevant portion is below the pre-printed area and reads:

Golian Steel Co.                    Felix DeGolian, Jr. (LS).
1580 Taylor Ave.
East Point, Ga.                                        (LS).
(The left side is designated for addresses and the right for signatures).

The court ruled out evidence of intent or agreement between the parties apparently on the basis of *Bostwick Banking Co. v. Arnold,* 227 Ga. 18 (178 SE2d 890) which held that parol evidence could not be introduced to show execution in a representative capacity. That case, however, involved a note which had *nothing* on its face to indicate a possibility of representation and therefore falls squarely within *Code Ann.* § 109A-3—403 (2) (a).

We believe the note here is governed by *Code Ann.* § 109A-3—403 (2) (b). "An authorized representative who signs his own name to an instrument . . . (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

As this court has stated, when either of the two situations designated in subsection 2 (b) occurs, parol evidence is admissible in litigation between the immediate parties to show signature in a representative capacity. *Kramer v. Johnson,* 121 Ga. App. 848 (176 SE2d 108). The reason for the distinction in the statute is clear. Subsection 2 (a), which was involved in *Bostwick,* describes an unambiguous written contract. However, subsection 2 (b) describes two situations on the face of the note which would give rise to some doubt. One of these occurred in

*Kramer* when the signatures were followed by titles but no organization was named. The other has occurred here. The company is named but the signature does not show any representative capacity. This is sufficient to allow the introduction and require the consideration of evidence concerning the intention of the immediate parties on the issue of personal vs. corporate liability. Plaintiff's contention that the name of the company was inserted only to show defendant's address is a matter for the fact finder to weigh.

*Judgment reversed. Pannell and Quillian, JJ., concur.*
ARGUED SEPTEMBER 11, 1972—DECIDED OCTOBER 17, 1972—REHEARING DENIED NOVEMBER 6, 1972—

*Westmoreland, Hall & Bryan, John L. Westmoreland, Jr., P. Joseph McGee, J. M. Crawford,* for appellant.
*John Calvin Hunter, Mathew Robins,* for appellee.