27704. SOUTHERN OXYGEN SUPPLY COMPANY v. DE GOLIAN.

ARGUED MARCH 13, 1973 — DECIDED APRIL 13, 1973.

*John Calvin Hunter, Mathew Robins,* for appellant.

*Westmoreland, Hall & Bryan, John L. Westmoreland, Jr., J. M. Crawford,* for appellee.

MOBLEY, Chief Justice. This court granted certiorari to review the decision of the Court of Appeals in *de Golian v. Southern Oxygen Supply Co.,* 127 Ga. App. 504 (194 SE2d 265).

The case originated by suit on a note in the Civil Court of Fulton County brought by Southern Oxygen Supply Company against Felix de Golian. The defendant asserted that the note was signed by him in his representative capacity as president of Golian Steel & Iron Company, and was not his personal obligation. On the trial the judge refused to allow parol evidence of intent or agreement between the parties, and judgment was entered against the defendant. The Court of Appeals reversed this judgment.

The body of the note does not name the maker. At the

bottom of the note there are lines at the left which show that they are for an address. These lines are filled in with printing, the top line reading, "Golian Steel Co." The next two lines contain a street address, city, and state. At the bottom of the note at the right is the word "Signatures:" and under this is the handwritten signature, "Felix de Golian, Jr."

The Court of Appeals construed the words "Golian Steel Co.," in the address at the left of the note, to show the name of the corporation represented, although the signer did not show that he was signing in a representative character, and held that the case was governed by Code Ann. § 109A-3—403 (2) (b) (Ga. L. 1962, pp. 156, 257), and that parol evidence would be admissible on the contention that the note was signed in a representative capacity, citing *Kramer v. Johnson,* 121 Ga. App. 848 (176 SE2d 108).

The Court of Appeals distinguished this court's opinion in *Bostwick Banking Co. v. Arnold,* 227 Ga. 18 (178 SE2d 890), stating that the *Bostwick* case involved a note which had *nothing* on its face to indicate a possibility of representation and therefore was within the provisions of Code Ann. § 109A-3—403 (2) (a).

It is our opinion that the Court of Appeals erred in not applying the rule laid down in the *Bostwick* case in the present case. There is nothing on the face of the note involved here which shows the agency of the signer. The fact that a name similar to that of the corporation asserted to be the real maker of the note appears in the address does not name the person represented within the meaning of Code Ann. § 109A-3—403 (2) (b) so as to make a question of fact as to whether the signer was acting in a representative capacity.

In *Bostwick Banking Co. v. Arnold,* 227 Ga. 18, 22, supra, it was held: "One who executes a note in his own name with nothing on the face of the note showing his agency cannot introduce parol evidence to show that he

executed it for a principal, or that the payee knew that he intended to execute it as agent . . . A court may take judicial notice that the signature of an individual on the face of a note, at the bottom on the right, without limiting or descriptive words before or after it, is the universal method of signing a contract to assume a personal obligation . . ."

The Court of Appeals erred in holding that parol evidence was admissible to show that the maker of the note in this case signed in a representative capacity, and in reversing the judgment of the Civil Court of Fulton County.

*Judgment reversed. All the Justices concur.*