RAYMOND ALLEN SMITH, Plaintiff Appellee v. CARL SCOTT ALLISON, Defendant Appellant v. DANIEL'S STEAKHOUSE, Third Party Defendant

No. 8626SC349

(Filed 4 November 1986)

1. **Uniform Commercial Code § 29— promise to pay—no contradiction by parol evidence**

    In an action to recover on two promissory notes executed by defendant, the promise to pay set forth in the notes could not be contradicted or destroyed by parol evidence that defendant would not be called upon to pay in accordance with the terms of the notes.

2. **Uniform Commercial Code § 33— signing in representative capacity—parol evidence not admissible**

    In an action to recover on two promissory notes executed by defendant, parol evidence was inadmissible to show that defendant signed as an agent of his employer, since he merely signed his own name on both notes without indicating that he was signing in a representative capacity or naming his principal. N.C.G.S. § 25-3-403(2)(a).

3. **Uniform Commercial Code § 28— promissory notes—consideration to promisor unnecessary**

    In an action to recover on two promissory notes executed by defendant, the trial court did not err in excluding testimony that defendant never received any money or anything of value himself in exchange for signing the notes, since it is not necessary that the promisor receive consideration or something of value himself in order to provide consideration sufficient to support a contract.

APPEAL by defendant from *Owens, Judge.* Judgment entered 23 October 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 October 1986.

This is a civil action wherein plaintiff seeks to recover $12,000 plus interest allegedly due on two promissory notes executed by defendant. Defendant filed a third party complaint against Daniel's Steakhouse, Inc., seeking indemnification for any losses sustained as a result of plaintiff's action, which he voluntarily dismissed on 26 September 1985. In his answer to plaintiff's complaint, defendant denied that he was indebted to plaintiff and alleged that plaintiff made the $12,000 loan to Daniel's Steakhouse, Inc., and not to defendant.

Following a trial, the jury found, pursuant to the issues sub-mitted, that defendant had signed the notes, consideration was given for the notes, plaintiff had demanded payment, defendant had not paid and defendant was indebted to plaintiff in the amount of $12,000. From a judgment entered on the verdict, de-fendant appealed.

*Dozier, Brackett, Miller, Pollard & Murphy, by Fritz Y. Mercer, Jr., for plaintiff, appellee.*

*Lila Bellar and Harper & Connette, by Edward G. Connette, for defendant, appellant.*

HEDRICK, Chief Judge.

Based on his first four assignments of error and his first thirty-eight exceptions duly noted in the record, defendant con-tends that the trial court erred in excluding evidence offered by defendant tending to show "the nature of the transactions, the representative capacity in which he had signed the notes, and the failure of consideration necessary to support the notes." By his remaining assignment of error argued on appeal and Exceptions Nos. 40-44, defendant contends that the jury verdict and the judg-ment entered thereon were incorrect as a matter of law because of the exclusion of this evidence. Defendant argues that the evidence he proposed to introduce was excluded because of the trial court's "misinterpretation of Rule 601 (the Dead Man's Statute) and the nature and scope of attorney client privilege." The record before us does not disclose the reason for the exclu-sion of much of the evidence defendant sought to introduce. The trial court's rulings, however, were not erroneous, because all of the evidence was irrelevant or barred by the parol evidence rule.

[1] Defendant contends that the evidence he sought to introduce was admissible to show that he and plaintiff agreed that he would not be asked to repay the $12,000 debt secured by the notes and that the notes would be substituted for a note executed by the president of Daniel's Steakhouse, Inc. We disagree. The promise to pay set forth in the notes could not be contradicted or de-stroyed by parol evidence that the maker thereof would not be called upon to pay in accordance with the terms of the notes. *Vending Co. v. Turner,* 267 N.C. 576, 148 S.E. 2d 531 (1966).

[2] Defendant also contends that this evidence was admissible in support of his defense that he is not liable on the promissory notes because he signed them as an agent of his employer, Daniel's Steakhouse, Inc. G.S. 25-3-403 provides, in pertinent part, as follows:

> (2) An authorized representative who signs his own name to an instrument
>
> (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

Parol evidence is inadmissible to show agency status when the agent merely signs his own name but does not indicate either the fact of representation or the name of his principal. J. White & R. Summers, HANDBOOK OF THE LAW UNDER THE UNIFORM COMMERCIAL CODE Sec. 13-5 (1972). In the present case, defendant merely signed his own name on both notes without indicating that he was signing in a representative capacity or naming his principal. Pursuant to G.S. 25-3-403(2)(a), therefore, he is personally obligated and the parol evidence that defendant sought to introduce is inadmissible to show agency status.

[3] Defendant also contends that some of the evidence excluded by the trial court is relevant to his defense that he received no consideration for executing the notes. In particular, defendant argues that the trial court erred in excluding testimony that defendant never received any money or anything of value himself in exchange for signing the notes. This contention is also without merit. It is not necessary that the promisor receive consideration or something of value himself in order to provide consideration sufficient to support a contract. *Investment Properties v. Norburn*, 281 N.C. 191, 188 S.E. 2d 342 (1972). A benefit to a third person is sufficient consideration for a promise. *Id.* Defendant alleged in his answer and sought to testify at trial that plaintiff intended to lend $12,000 to Daniel's Steakhouse, Inc., when defendant executed the notes and that the funds were advanced directly to the corporation. This evidence tends to show that there was sufficient consideration to support the contract between plaintiff and defendant. It is not relevant to support defendant's contention that he received no consideration for executing the notes.

For the foregoing reasons, we hold that the trial court did not err in excluding the evidence defendant sought to introduce.

No error.

Judges ARNOLD and ORR concur.