## WYANDOT, INC. *v.* GRACEY STREET POPCORN COMPANY, INC., ET AL.
### (13339)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and HULL, Js.

Argued May 10—decision released July 12, 1988

*John D. Thomas,* for the appellant (defendant George C. Carabetta, Jr.).

*David E. Wyskiel,* for the appellee (plaintiff).

CALLAHAN, J. This action was commenced by the plaintiff Wyandot, Inc., also known as Wyandot Popcorn Co., by a complaint in four counts against the defendants Gracey Street Popcorn Company, Inc., and its president, George C. Carabetta, Jr. The first three counts of the complaint are directed against the corporation. The first and third counts were ultimately abandoned and judgment was rendered for the plaintiff on the second count against the named defendant for the value of goods previously furnished. That portion of the judgment is not in issue.

What is in issue is the portion of the judgment rendered by the trial court against Carabetta on the fourth count of the plaintiff's complaint. The fourth count was directed against Carabetta personally and alleged that Carabetta had made and delivered to the plaintiff a check dated July 26, 1984, payable to the plaintiff's order and drawn on the Central Bank for Savings in the amount of $23,665.95. The plaintiff further alleged that the check had subsequently been presented for payment, but payment had been refused and the check dishonored, that the plaintiff continues to own and hold the check and that it has not been paid.[1] The plaintiff claimed that Carabetta was personally responsible for the face amount of the check plus statutory interest and check charges.

By way of special defense Carabetta alleged that he had signed the check in question in his representative capacity as president of Gracey Street Popcorn Company, Inc. He claimed, therefore, that the obligation was that of the corporation and that he was not personally liable on the check. The trial court determined, however, that because the check failed to disclose Carabetta's representative capacity, and insufficiently

---

[1] Payment was refused and the check dishonored because of insufficient funds.

identified and therefore failed to name his corporate principal, he was foreclosed by General Statutes § 42a-3-403 (2) (a)[2] from offering parol evidence to prove his special defense. It concluded that Carabetta was personally liable as a matter of law and rendered judgment against him for $23,665.95, plus statutory interest and costs.

It is undisputed that the check did not disclose Carabetta's corporate office or his representative capacity. He contends, however, that the trial court erred when it found that the check did not sufficiently name his corporate principal so as to allow him to present parol evidence under § 42a-3-403 (2) (b), that he signed the check in his representative, not his personal, capacity. The only issue before this court, therefore, is whether the trial court was correct when it precluded Carabetta from offering parol evidence in support of his special defense.

The liability of the drawer of a check is established by General Statutes § 42a-3-413 (2) which provides in pertinent part: "The drawer engages that upon dishonor of the draft . . . he will pay the amount of the draft to the holder."[3] Because Carabetta's signature

---

[2] General Statutes § 42a-3-403 (2) provides: "SIGNATURE BY AUTHORIZED REPRESENTATIVE. . . .

"(2) An authorized representative who signs his own name to an instrument (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity; (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

[3] General Statutes § 42a-3-413 (2) provides: "CONTRACT OF MAKER, DRAWER AND ACCEPTOR. . . .

"(2) The drawer engages that upon dishonor of the draft and any necessary notice of dishonor or protest he will pay the amount of the draft to the holder or to any endorser who takes it up. The drawer may disclaim this liability by drawing without recourse."

appears on the dishonored check the burden is upon him under General Statutes § 42a-3-307 (2)[4] to establish a defense and to disestablish his personal liability as drawer. *Colonial Banking Co. of Des Moines* v. *Dowie,* 330 N.W.2d 279, 283 (Iowa 1983).

The trial court found that, because the corporate name printed on the face of the check was "Gracey Street Popcorn, Inc.," and the correct corporate name, i.e., that registered with the secretary of the state, was "Gracey Street Popcorn Company, Inc.," the check failed to name the corporate entity that the defendant represented.[5] Since it was admitted that the check failed to disclose Carabetta's representative capacity, the trial court ruled that § 42a-3-403 (2) (a) controlled. That subdivision provides that "[a]n authorized representative who signs his own name to an instrument (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity."

The defendant, however, claims that the variation between the name of his principal on the face of the check and its full corporate name registered with the secretary of the state was inconsequential. He argues that the name on the face of the check clearly gave the plaintiff notice that it was receiving a check drawn on a corporate account. He argues further that the corporation was sufficiently identified and, therefore, the plaintiff knew the corporation with which it was dealing and could not possibly have been misled as to the nature

---

[4] General Statutes § 42a-3-307 (2) provides: "BURDEN OF ESTABLISHING SIGNATURES, DEFENSES AND DUE COURSE. . . .

"(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

[5] In the middle of its uppermost portion the check contained the legend:
"Gracey Street Popcorn, Inc.
136 Gracey Avenue
Meriden, Conn. 06450"

of the obligation it was receiving. See General Statutes § 33-287 (a).[6] Carabetta contends, therefore, that his principal was named and that the situation is governed by § 42a-3-403 (2) (b). That subdivision provides that "[a]n authorized representative who signs his own name to an instrument . . . (b) *except as otherwise established between the immediate parties,* is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity." (Emphasis added.)

Since this is an action between the "immediate parties" to the transaction, if Carabetta's principal was named, he fits within the above exception to § 42a-3-403, which otherwise imposes absolute personal liability on one who affixes his or her signature to a negotiable instrument as drawer. If Carabetta fits within the exception, he was entitled, under § 42a-3-403 (2) (b), to present parol evidence to prove that the obligation to pay the check was that of the corporation. *Gulf & Basco Co.* v. *Buchanan,* 707 S.W.2d 655, 658 (Tex. Civ. App. 1986); *M & M Welding, Inc.* v. *Pavlicek,* 713 P.2d 236, 240 (Wyo. 1986).

We conclude that "Gracey Street Popcorn Company, Inc.," the corporate principal that Carabetta claims to have represented when he signed the check in question, was sufficiently identified on the face of the check by the appellation, "Gracey Street Popcorn, Inc.," to be considered a named principal within the meaning of § 42a-3-403 (2) (b). Therefore, the trial court erred when it held that Carabetta's principal was not named

---

[6] General Statutes § 33-287 (a) provides in pertinent part: "The name of each corporation formed after January 1, 1961: (1) Shall contain the word 'corporation' or 'company' or 'incorporated' or 'limited' . . . or shall contain the abbreviation 'corp.' or 'co.' or 'inc.' or 'ltd.' . . . ."

and excluded parol evidence of his special defense. Parol evidence, the defendant claims, would have proved that he was acting in a representative capacity when he signed the check and that it was so understood by all the parties to the transaction.

It is clear from a reading of § 42a-3-403 (2) (a) that a representative who signs his own name to an instrument is personally obligated if he neither names his principal nor shows that he signed in a representative capacity. It is also clear that, under such circumstances, parol evidence is not admissible to establish a defense. *Falcone* v. *Hinsdale Gynecology & Obstetrics,* 148 Ill. App. 3d 439, 445–46, 499 N.E.2d 694 (1986), appeal denied, 114 Ill. 2d 544, 508 N.E.2d 727 (1987); *Smith* v. *Allison,* 83 N.C. App. 232, 234, 349 S.E.2d 623 (1986), review denied, 319 N.C. 406, 354 S.E.2d 718 (1987); *Wang* v. *Wang,* 393 N.W.2d 771, 773–74 (S.D. 1986). Parol evidence is admissible, however, under § 42a-3-403 (2) (b) if the principal represented is named. *Wurzburg Bros., Inc.* v. *Coleman,* 404 So. 2d 334, 336 (Ala. 1981); *Gulf & Basco Co.* v. *Buchanan,* supra; *M & M Welding, Inc.* v. *Pavlicek,* supra. Unfortunately, § 42a-3-403 (2) does not specify what is necessary to satisfy its requirement that the entity represented be named before parol evidence is admissible to establish a defense under § 42a-3-403 (2) (b) in an action between the immediate parties. *Schwarzwalder* v. *Waitkoss,* 101 Ill. App. 3d 337, 341, 428 N.E.2d 633 (1981); see also annot., 97 A.L.R.3d 798, 815 (1980); 2 R. Anderson, Uniform Commercial Code (2d Ed. 1971) § 3-403:6-8.

Of the multitude of decisions that have construed various aspects of § 3-403 of the Uniform Commercial Code,[7] only a minute number have addressed the spe-

---

[7] General Statutes § 42a-3-101 provides: "SHORT TITLE. This article shall be known and may be cited as Uniform Commercial Code—Commercial Paper."

cific problem at issue in this case. Two of those cases, upon which the plaintiff primarily relies to support its position that Carabetta is personally liable, differ factually from the case at hand and from each other and are not particularly helpful. *In re Turner,* 49 Bankr. 231 (D. Mass. 1985); *Southern Oxygen Supply Co.* v. *de Golian,* 230 Ga. 405, 197 S.E.2d 374 (1973).[8] Moreover, we have found no case that even addressed the problem where the name of the corporate principal in an instrument was as similar to its registered name as it is in this instance and the name also indicated that the principal was a corporate entity. There were cases found where the corporate name used in the instrument

[8] *In re Turner,* 49 Bankr. 231 (D. Mass. 1985), and *Southern Oxygen Supply Co.* v. *de Golian,* 230 Ga. 405, 197 S.E.2d 374 (1973), are clearly distinguishable from the case at hand. In *In re Turner,* a bankruptcy matter, a drawer was held personally liable on a number of checks he signed which, according to his version, he signed as representative for various principals whose names were imprinted on the checks. The checks he claimed to have signed, however, on behalf of "John F. McCarthy, Inc.," were imprinted with the legend "Neponset Thrifty Liquors" with no evidence of a corporate designation. On checks imprinted with only the legend "Thrifty Liquors," with no corporate designation, the drawer claimed to have signed as representative of a corporation named "Thrifty Liquors, Inc." It appeared, however, that there were other businesses operating under the name "Thrifty Liquors." As to checks the individual signed imprinted "Thrifty Liquors, Inc., Turners Package Store," the checks not only failed to indicate which of the two entities was the purported principal, but failed to designate as a corporate entity "Turners Package Store, Inc.," on whose behalf the individual claimed to have signed.

In *de Golian* the name "Golian Steel Co." appeared in a note allegedly signed by the defendant in his representative capacity as president of "Golian Steel & Iron Company." The maker was held personally liable. Central to that holding, however, was the fact that "Golian Steel Co." appeared on lines at the left hand side of the note intended for an address and were followed by a street address, city and state. The note was signed, ostensibly individually, by the defendant at the bottom right of the note at a spot designated for signatures. The court stated that "[t]he fact that a name similar to that of the corporation asserted to be the real maker of the note appears in the address does not name the person represented within the meaning of [Georgia] Code Ann. § 109A-3-403 (2) (b) . . . ." *Southern Oxygen Supply Co.* v. *de Golian,* supra, 406.

varied slightly from the correct corporate name and the variation was ignored by the court and the parties apparently because it was thought insignificant. See, e.g., *Berryfast, Inc.* v. *Zeinfeld,* 714 F.2d 826, 827–28 (8th Cir. 1983); *Rotuba Extruders, Inc.* v. *Ceppos,* 46 N.Y.2d 223, 227, 385 N.E.2d 1068, 413 N.Y.S.2d 141 (1978); *Antil* v. *Southwest Envelope Co.,* 601 S.W.2d 47, 47–48 (Tex. Civ. App. 1979).

The view that a minor deviation in the name of a corporation has little legal significance finds support in the holding of this court in *Seaboard Commercial Corporation* v. *Leventhal,* 120 Conn. 52, 54–55, 178 A. 922 (1935), wherein we stated that "[i]t is the general rule that in case of a misnomer of a corporation in a grant, obligation or written contract, if there is enough expressed to show that there is such an artificial being and to distinguish it from all others, the corporation is sufficiently named although there is a variation of words and symbols. *Commercial Bank* v. *French,* 38 Mass. (21 Pick.) 486, 489 [1839]; *Melledge* v. *Boston Iron Co.,* 59 Mass. (5 Cush.) 158, 174 [1849]; *Newport Mechanics Mfg. Co.* v. *Starbird,* 10 N.H. 123 [1839]; 14 C.J. 324; 7 R.C.L. 130."

When applied to negotiable instruments generally, and to the instant case in particular, this holding would appear to require a common sense conclusion that where a corporate name, deviating from that registered with the secretary of the state but clearly indicating the existence of a corporate principal, appears on the face of an instrument it at least creates an ambiguity in the instrument that raises a question as to the capacity in which the individual whose signature is affixed thereto signed. It is for the resolution of ambiguities that § 42a-3-403 (2) (b) exists. See *Schwarzwalder* v. *Waitkoss,* supra, 341; 6 R. Anderson, Uniform Commercial Code (3d Ed. 1984) § 3-403:36, pp. 130–31. Under § 3-403 of the Uniform Commercial Code, "[i]f

there is a question as to whether or not a person signed as an individual or as an agent for a principal, parol evidence is admissible if, and only if, two criteria are met. First, the action must be between the immediate parties to the [check]. Secondly, there must be *some indication* of the existence of a principal or that the signator signed in a representative capacity." (Emphasis added.) *J. P. Sivertson & Co.* v. *Lolmaugh,* 63 Ill. App. 3d 724, 726, 380 N.E.2d 520 (1978); see also *Hunt* v. *Dental Capital Corporation,* 503 A.2d 205, 207 (D.C. App. 1985); *Schwarzwalder* v. *Waitkoss,* supra, 340–41.

Here there was certainly "some indication" of the existence of a corporate principal. Carabetta therefore should have been allowed to introduce parol evidence to attempt to prove that he signed the check in question in a representative rather than personal capacity.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other justices concurred.