[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff alleges defendants Brown executed a guaranty of the obligations of Fox Hill Corporation on November 20, 1986 after which plaintiff sold and delivered to defendant Fox Hill Corporation materials on which a balance of $9,336.01 is owed as of September 20, 1990. In a second count plaintiff claims defendants have been unjustly enriched to plaintiff's detriment. Plaintiff seeks damages, including interest, costs and attorney's fees.
Only two issues have been raised: (1) The discrepancies of the corporate names: (2) The extent of the guarantee. The defendants applied for credit on November 20, 1986 in the corporate name of "Fox Hill Corporation." Thereafter it learned that this name was not available in the Secretary of State's office. It therefore changed the name by adding the word "Construction" before Corporation. Defendant Brown did not, however, directly notify the plaintiff of this change because he thought it was not a material change, and he continued to do business with plaintiff without executing an amended guarantee. The corporate checks and the bills to defendants indicated the new name. The checks were signed by Stanley Brown without designation of his corporate capacity. Similarly a financial statement of the corporation was filed with plaintiff on August 1, 1988.
On June 14, 1989, the corporation signed an agreement with John and Hilarie McNiff to build a house for the latter. In 1990, on numerous occasions plaintiff billed the "Fox Hill CT Page 11382 Corporation" for materials furnished. Plaintiff's Exhibit C indicates a plethora of legal bills being billed to defendants Brown and "Fox Hill Corporation."
It would seem reasonably clear that notwithstanding the use of "Fox Hill Corporation" in the guarantee, the name supplied by defendants originally, the addition thereafter of the word "Construction" before "Corporation" resulting from the Secretary of State's finding that the original name was already in use, does not vitiate the guarantee. A minor deviation in a corporate name has little significance. See Wyandot, Inc. v. Gracey Street Popcorn Company, Inc., 208 Conn. 248, 255; citing Seaboard Commercial Corp. v. Leventhal, 120 Conn. 52, 54-55.
The question of the extent of the guarantee relates to the printed instrument signed by defendant Brown and its clear language of its continuing nature. Nothing in the guarantee limits its coverage to the first house to be built by the corporation. The first house apparently did not come into the picture until June 14, 1989, when the McNiffs signed a contract, some two and a half years after execution of the guarantee. Mrs. Brown, who was not present during the two hour period when her husband was talking to plaintiff's Mr. Hunziker reviewing the credit agreement and guaranty, signed the guarantee and testified that she understood it only applied to the "first house." Her husband omitted originally to testify to that limitation. In any event, the defendants sought to contradict orally the terms of the guarantee, but such oral testimony is not relevant in the fact of the express language of the guarantee. See TEI Communications Inc. v. Kopp, 218 Conn. 281,288; Powel v. Burke, 178 Conn. 384, 387. The fact pattern of Stelco Industries v. Bette Bros., 2 Conn. App. 17, 21, is entirely different from the present case.
Under these circumstances, on the issue of liability the court must rule in favor of the plaintiff. The plaintiff is entitled to recover $9,336.01. The "finance charges" seem extremely burdensome at the rate of 18 per cent a year, but the court is constrained to award interest as the agreement provides in addition to the $9,336.01. If the court were in a position legally to reduce the interest factor substantially, it would do so to the extent of one-half of what is claimed. The plaintiff should consider doing this voluntarily even though the court cannot order it. In addition to the above damages and interest, costs of $198.50 must be added. On the amount of counsel fees, CT Page 11383 however, the court must exercise its judgment. This is basically a simple collection case. To submit a bill that is eight pages of fairly close typing to justify a claim of $2,706.75 is far too much. Some of the work claimed appears to be repetitious. Page 5 of the bill shows at least seven "file reviews." Page 3 has six "file reviews." Page 1 has one "file review." Page 2 has five "file reviews." Page 4 has four "file reviews." Page 6 has eight "file reviews" or "reviews." Page 7 has two "reviews." In addition, plaintiff claims legal research and briefs for a charge of $1,168.00 and an additional $520.00 to "prepare for trial."
This case did not, in the court's judgment, reasonably require as much time or work as plaintiff claims was put into it. It is after all only a "collection" case, so-called, and the issues involved are quite simple. A round figure of $1,400.00 for legal fees is the maximum that should be allowed, and the court so finds, adding that sum to the damages, interest and costs.
Judgment may enter for the plaintiff against defendants Stanley and Jeanne Brown, and Fox Hill Construction Corporation in the sums indicated.
THE COURT
GEORGE A. SADEN JUDGE TRIAL REFEREE