[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDYDATED FEBRUARY 23, 1995
This case came to this court on an Application for Prejudgment Remedy. The court has reviewed the affidavit of the credit manager, one Fran Sanchione. The court has reviewed the unsigned writ, summons and complaint. The court heard oral testimony. The court received exhibits. The court reviewed the parties' briefs. The court finds that on or about November 30, 1993, the defendant signed a contract with the plaintiff to perform services at his CT Page 8877 premises all as set forth on Plaintiff's Exhibit #1.
Upon removal of the existing oil tank, the plaintiff discovered that an oil leak was present. As a result, on or about April 11, 1994, the defendant signed a contract for contamination clean-up services including soil testing among others. See Plaintiff's Exhibit #3. Upon testing the soil removed, it was determined that a venting system would be required at the site of the oil tank leak. As a result, on May 3rd a contract was signed as Plaintiff's Exhibit #4.
The court finds that the plaintiff performed the services and made demand for payment. The court finds that on May 10, 1994, the defendant was billed $14,143.84. The written agreement provided for costs of collection and attorney's fees. There is a claim for interest due under § 37-3a. The court is satisfied that the joint ownership of the property and the fact that the work benefited the property, is sufficient probable cause against the spouse Joan B. Deselding.
The court finds the correct corporate name of the plaintiff is Hoffman Fuel Company of Danbury as set forth in the March 31, 1995 Amendment to the complaint. Minor deviations in the corporate name has little legal significance. Wyandot v. Gracey, 208 Conn. 248,255 (1988).
Accordingly, the court grants the prejudgment remedy sought in the sum of $25,000.00. The court finds that there is probable cause that a judgment in that amount or in an amount greater than the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs will be rendered in the matter in favor of the applicant.
The court grants the Motion for Disclosure dated February 23, 1995 as it relates to Paragraph 1, 2, 3, 7, 8. The court makes this order for disclosure preliminarily without prejudice to the plaintiff seeking further disclosure concerning assets.
KARAZIN, J.